IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
GREATER YELLOWSTONE COALITION, et al., )
                                                        )
        Plaintiffs,                          )
                                                        )    Case No. 07-cv-2111 (EGS)
   v.                                              )
                                                        )
DIRK KEMPTHORNE, et al.,                    )
                                                        )
        Defendants.                         )
_____)

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED AND
SUPPLEMENTED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

      Defendants Dirk Kempthorne, Mary Bomar, and Mike Snyder, by and through undersigned counsel, hereby answer each numbered paragraph of Plaintiff's First Amended and Supplemented Complaint for Declaratory and Injunctive Relief, dated January 11, 2008. The numbered paragraphs of the Federal Defendants' Answer correspond to the numbered paragraphs of the First Amended and Supplemented Complaint.

      1.     Paragraph 1 contains Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 1.

**PARTIES**

      2-6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 2-6 and on that basis deny them.

      7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fifth sentences of Paragraph 7, and on that

- 1 -

basis deny them.  Defendants deny the allegations in the third and fourth sentences of Paragraph 7.

    8-10.    Defendants admit the allegations in Paragraphs 8-10.

## JURISDICTION AND VENUE

    11-13.    Paragraphs 11-13 contain legal conclusions to which no response is required.

## THE LEGAL FRAMEWORK

    14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 14 purport to characterize the various legal authorities referenced therein, those authorities speak for themselves and provide the best evidence of their content.  To the extent the allegations in Paragraph 14 are inconsistent with those authorities, the allegations are denied.

    15.    The allegations in Paragraph 15 purport to characterize the Yellowstone Act of 1872, 16 U.S.C. § 22, which speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraph 15 are inconsistent with the Act, the allegations are denied.

    16.    Defendants admit the allegations in the first sentence of Paragraph 16.  The allegations in the second and third sentences of Paragraph 16 quote from a document on the Yellowstone National Park website, which speaks for itself and is the best evidence of its content.  To the extent the allegations in the second and third sentences of Paragraph 16 are inconsistent with the document, they are denied.

    17.    The allegations in Paragraph 17 purport to characterize the National Park Service Organic Act, 16 U.S.C. § 1, which speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraph 17 are inconsistent with that Act, they are denied.

18.     The allegations in Paragraph 18 purport to characterize the General Authorities Act, 16 U.S.C. § 1a-1, and the National Park Service ("NPS") Management Policies 2006, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 18 are inconsistent with the General Authorities Act or the NPS Management Policies 2006, the allegations are denied.

19.     The allegations in Paragraph 19 purport to characterize the NPS Management Policies 2006, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 19 are inconsistent with the NPS Management Policies 2006, the allegations are denied.

20.     The allegations in Paragraph 20 purport to characterize 36 C.F.R. § 2.18(c) and the NPS Management Policies 2006, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 20 are inconsistent with 36 C.F.R. § 2.18(c) and the NPS Management Policies 2006, the allegations are denied.

21.     The allegations in Paragraph 21 purport to characterize the Executive Orders and the NPS Management Policies 2006, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 21 are inconsistent with the Executive Orders and the NPS Management Policies 2006, the allegations are denied.

**FACTUAL BACKGROUND**

22.     The allegations in the first sentence of Paragraph 22 contain legal conclusions to which no response is required.  To the extent a further response is required, the allegations in the first sentence of paragraph 22 are denied.  Defendants deny the allegations in the second sentence of Paragraph 22.

### Snowmobile Use in Yellowstone

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit that in 1994 the National Park Service initiated a formal study of the impacts of winter recreation in the national parks and national forests of the Greater Yellowstone Area. Defendants admit that in 1997, as part of the settlement of a lawsuit brought by the Fund for Animals, the National Park Service agreed to prepare an EIS addressing winter use in Yellowstone and Grand Teton National Parks and the John D. Rockefeller, Jr. Memorial Parkway.

25. The allegations in Paragraph 25 purport to characterize the 2000 Environmental Impact Statement (EIS) and Final Rule, which speak for themselves and are the best evidence of their content. To the extent the allegations in Paragraph 25 are inconsistent with the 2000 Environmental Impact Statement (EIS) and Final Rule, the allegations are denied.

### The 2001 Decision to Phase Out Snowmobile Use

26-28. The allegations in Paragraphs 26-28 purport to characterize the 2000 EIS, Record of Decision (ROD), and Final Rule, which speak for themselves and are the best evidence of their content. To the extent the allegations in Paragraphs 26-28 are inconsistent with the 2000 EIS, ROD, and Final Rule, the allegations are denied.

### The Subsequent SEIS Process

29-30. The allegations in Paragraphs 29-30 purport to characterize the 2003 Supplemental EIS, ROD, and Final Rule, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the 2003 Supplemental EIS, ROD, and Final Rule, the allegations are denied.

**Litigation over the 2003 Snowmobile Plan**

31-33.  The allegations in Paragraphs 31-33 purport to characterize the Plaintiffs' own pleadings and the Court's decision in The Fund For Animals v. Norton, 294 F.Supp. 2d. 92, 108 (D.D.C. 2003), which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraphs 31-33 are inconsistent with the Plaintiffs' pleadings or the Court's decision in The Fund For Animals v. Norton, the allegations are denied.

**Litigation over the Original 2001 Snowmobile Phase-Out**

34.    The allegations in Paragraph 34 purport to characterize the decision in Int'l Snowmobile Mfrs. Ass'n v. Norton, 304 F. Supp. 2d 1,278 (D. Wyo. 2004), which speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraph 34 are inconsistent with the decision, they are denied.

35-36.  The allegations in Paragraphs 35-36 purport to characterize the 2004 Final Rule, which speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraphs 35-36 are inconsistent with the 2004 Final Rule, they are denied.

37.    Defendants deny the allegations of the first sentence of Paragraph 37, and aver that the 2004 Rule authorized up to 720 snowmobiles per day in Yellowstone.  Defendants deny the allegations of the second sentence of Paragraph 37, and aver that conditions under the 2004 Rule have improved with respect to air quality, impacts to wildlife, soundscape quality, vistas, and general park experience for visitors when compared to historical unregulated conditions.  Defendants admit the allegations of the third sentence of Paragraph 37, and aver that there are provisions in the 2007 EIS, ROD, and Final Rule that address such impacts.

### The 2007 Snowmobile Decision

38-41.   The allegations in Paragraphs 38-41 purport to characterize the 2007 Draft EIS, Final EIS, ROD, and Final Rule, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraphs 38-41 are inconsistent with the 2007 Draft EIS, Final EIS, ROD, and Final Rule, they are denied.

### FIRST CAUSE OF ACTION

42.   Paragraph 42 does not require a response.

43.   The allegations in Paragraph 43 purport to characterize the various cited authorities, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 43 are inconsistent with those authorities, they are denied.

44.   Defendants deny the allegations in Paragraph 44.

### SECOND CAUSE OF ACTION

45.   Paragraph 45 does not require a response.

46.   The allegations in Paragraph 46 purport to characterize the Executive Orders, which speak for themselves and are the best evidence of their content.  To the extent the allegations in Paragraph 46 are inconsistent with the Executive Orders, they are denied.

47.   Defendants deny the allegations in Paragraph 47.

### THIRD CAUSE OF ACTION

48.   Paragraph 48 does not require a response.

49.   The allegations in Paragraph 49 purport to characterize 36 C.F.R. § 2.18(c), which speaks for itself and is the best evidence of its content.  To the extent the allegations in Paragraph 49 are inconsistent with that regulation, the allegations are denied.

50.   Defendants deny the allegations in Paragraph 50.

## FOURTH CAUSE OF ACTION

51. Paragraph 51 does not require a response.

52. The allegations in Paragraph 52 purport to characterize the various cited authorities, which speak for themselves and are the best evidence of their content. To the extent the allegations in Paragraph 52 are inconsistent with the cited authorities, the allegations are denied.

53-54. Defendants deny the allegations in Paragraphs 53-54.

## FIFTH CAUSE OF ACTION

55. Paragraph 55 does not require a response.

56. Defendants deny the allegations in the first sentence of Paragraph 56. The remaining sentences purport to characterize the 2007 Final EIS, which speaks for itself and is the best evidence of its content. To the extent the allegations in Paragraph 56 are inconsistent with the cited authorities, the allegations are denied.

57-59. Defendants deny the allegations in Paragraphs 57-59.

## SIXTH CAUSE OF ACTION

60. Paragraph 60 does not require a response.

61. The allegations in Paragraph 61 purport to characterize the various cited documents and authorities, which speak for themselves and are the best evidence of their content. To the extent the allegations in Paragraph 61 are inconsistent with those documents and authorities, they are denied.

62. Defendants deny the allegations in Paragraph 62.

## SEVENTH CAUSE OF ACTION

63. Paragraph 63 does not require a response.

64-66.   Defendants deny the allegations in Paragraphs 64-66.

## EIGHTH CAUSE OF ACTION

67.   Paragraph 67 does not require a response.

68.   The allegations in the first two sentences of Paragraph 68 purport to characterize the various cited documents and authorities, which speak for themselves and are the best evidence of their content.  To the extent the allegations in the first two sentences of Paragraph 68 are inconsistent with the cited documents and authorities, they are denied.  Defendants deny the allegations in the remaining sentences of Paragraph 68.

## REQUEST FOR RELIEF

Paragraphs (1)-(5) following Paragraph 68 state Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## ALL CLAIMS

To the extent that any allegation contained in Plaintiffs' First Amended and Supplemented Complaint for Declaratory and Injunctive Relief dated January 11, 2008 remains unanswered, Defendants deny each allegation.

## DEFENSES

1.   Plaintiffs have failed to state a claim upon which relief can be granted with respect to one or more claims.

2.   Plaintiffs' action is barred by the statute of limitations with respect to one or more claims.

3.   Plaintiffs action is barred by laches with respect to one or more claims.

4.   This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief as it deems fitting and just.

Respectfully submitted this 8th day of February, 2008,

        RONALD J. TENPAS
        Assistant Attorney General

        /s/ Guillermo A. Montero
        GUILLERMO A. MONTERO
        BARRY A. WEINER
        LUTHER L. HAJEK
        United States Department of Justice
        Environment and Natural Resources Division
        Post Office Box 663
        Washington, D.C. 20044-0663
        Telephone: (202) 305-0469; (202) 305-0492
        Fax: (202) 305-0274
        Email: Barry.Weiner@usdoj.gov
              Luke.Hajek@usdoj.gov
              Guillermo.Montero@usdoj.gov

        Attorneys for the Defendants

OF COUNSEL:

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C. 20240
Tel: (202) 208-7957