IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DIRK KEMPTHORNE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) ) |

Case No. 07-cv-02111 (EGS)

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to this Court's February 8, 2008 Order (Dkt. #17) and Local Civil Rule 16.3, Plaintiffs Greater Yellowstone Coalition, The Wilderness Society, Natural Resources Defense Council, Winter Wildlands Alliance, and Sierra Club, and Federal Defendants Dirk Kempthorne, Mary Bomar, and Michael Snyder (collectively, "the Parties") submit the following Joint Case Management Statement addressing each of the relevant topics listed in LCvR 16.3(c).

**PRELIMINARY STATEMENT**

The Parties call the Court's attention to the fact that the case captioned *National Parks Conservation Association v. U.S. Department of the Interior*, 07-cv-2112, is also pending before the Court. The instant case and the *National Parks Conservation Association* case, filed November 20 and November 21, 2007, both challenge a Final Environmental Impact Statement, Record of Decision, and an amended regulation implementing that decision promulgated by the National Park Service ("NPS") permitting

recreational use of snowmobiles and snowcoaches, subject to certain conditions, in Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway (the "Winter Use Plan"). The Court issued an Order for Meet and Confer Report in *National Parks Conservation Association* on January 24, 2008, similar to that in this case. In order to coordinate these two similar cases, the meet and confer conferences in the two cases were held jointly and the separate Joint Case Management Statements in these two cases have been coordinated. *See* Section 3, below, relating to possible consolidation.

The Record of Decision containing the Winter Use Plan became effective on December 19, 2007 when the final rule was issued. The rule was drafted in such a way that changes to the management of the Parks during the winter season relative to the temporary plan that has been in place since 2004 (such as daily entry limits, designated routes, etc.) will not become effective until the 2008-2009 winter season. The Parties agree that it would be desirable to resolve these claims as much in advance of the commencement of that season as possible.

In addition to these two cases pending before this Court, the Parties call the Court's attention to the fact that two other cases challenging the Winter Use Plan were filed in the United States District Court for the District of Wyoming on December 13, 2007 (State of Wyoming, Plaintiff) and January 2, 2008 (Board of County Commissioners, County of Park, Wyoming, Plaintiffs), respectively. Those cases have been consolidated into one case: *Wyoming v. U.S. Department of the Interior*, Case No. 07-CV-319B (D. Wyoming). On February 22, 2008, the International Snowmobile Manufacturers Association ("ISMA"), The American Council of Snowmobile

Associations, The Blue Ribbon Coalition, and Terri Manning moved to intervene in the State of Wyoming case, which was granted on February 26, 2008.  By Order of January 30, 2008, the presiding judge in those cases, the Honorable Clarence A. Brimmer, has set a hearing date of September 15, 2008 to hear dispositive motions in those cases.  Those cases differ from those before this Court in that plaintiffs and intervenors there challenge the limitations and restrictions on snowmobile use imposed by the Winter Use Plan, while the cases before this Court challenge the Winter Use Plan's authorization of continued recreational snowmobile use in the Parks at levels Plaintiffs allege are impermissible.

*      *      *

As a preliminary matter, the Parties agree that each of the claims in Plaintiffs' First Amended and Supplemented Complaint for Declaratory and Injunctive Relief is brought pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*  Accordingly, this case is exempted from Local Rule 16.3 as well as F.R.Civ.P. 26.  *See* LCvR 16.3(b) (exempting actions "for review on an administrative record"); F.R.Civ.P. 26(a)(1)(E)(i), (f) (same).  Nevertheless, the Parties set forth below a discussion of the relevant topics listed in Local Rule 16.3(c) to facilitate case planning and resolution and to ensure strict compliance with this Court's Order.

**1.     Statement of the Case and Statutory Basis for All Causes of Action and Defenses**

**A.     Plaintiffs' Statement:**

Plaintiffs bring this action pursuant to the National Park Service Organic Act, 16 U.S.C. §§ 1, *et seq*. ("Organic Act"); the General Authorities Act, 16 U.S.C. §§ 1a-1, *et seq.*; Yellowstone's enabling act, 16 U.S.C. §§ 22 *et seq.*; the National Environmental

3

Policy Act, 42 U.S.C. §§ 4321, *et seq*. ("NEPA"); and the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq*. ("APA").  Plaintiffs allege that Defendants violated the Organic Act and related conservation mandates in their authorization of continued recreational snowmobile use in Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks").  Plaintiffs further allege that Defendants violated NEPA by preparing an environmental impact statement that failed to disclose the impacts of their decision and obscured meaningful comparison among the considered alternatives.

Specifically, Plaintiffs contend that Defendants: (1) authorized recreational snowmobiling at a level that will impair and unacceptably impact park resources and values, in violation of the Organic Act, the General Authorities Act, Yellowstone's enabling act, Park Service regulations, and governing Executive Orders; (2) improperly centered their environmental analysis on historic conditions within the Parks and thereby failed to address adequately both the environmental impacts of the considered alternatives and the extent to which each was consistent with relevant environmental laws and policies, in violation of NEPA; (3) failed to evaluate meaningfully the wildlife disturbances, diminishment of air quality, and degradation of the Parks' natural soundscapes that would result under each considered alternative, in violation of NEPA; and (4) failed to explain adequately the Park Service's reversal of its previous determination that recreational snowmobile use within the Parks would result in the impairment of park resources and values.

After initiating this action on November 20, 2007, Plaintiffs filed a First Amended and Supplemented Complaint on January 14, 2008. Defendants filed an answer on February 8, 2008.

### B.    Federal Defendants' Statement:

As this Court is aware, winter recreational use of the Parks has been the subject of substantial controversy and prior litigation before this Court and the District of Wyoming. Interested stakeholders on both sides of the winter recreational use issue have participated in litigation regarding the National Park Services' ("NPS") 2001 rule, 2003 rule, and 2004 rule relating to winter recreational use of the Parks. In those prior cases, a number of issues have been raised, including snowcoach use, guiding requirements, and snowmobile limits by snowmobile use advocates, and the effects of snowmobile use and road grooming on bison and other wildlife, air quality, and noise by conservation groups.

During a lengthy NEPA and rulemaking process, NPS has carefully considered the respective courts' past directives and voluminous comments from many of the same stakeholders involved in the prior litigation. All of the issues raised and comments have been carefully considered by NPS, and many have been the subject of extensive scientific study, both by the government and independent researchers. In promulgating the current rule, NPS has carefully considered all of the issues that have been raised and crafted a rule that will ensure that visitors have an appropriate range of winter recreation opportunities that are appropriate in the national park setting. As such, the Winter Use Plan and implementing rule are in compliance with the Park Service Organic Act, 16 U.S.C. §§ 1 *et seq*., the Yellowstone Act, 16 U.S.C. § 22 *et seq*., applicable NPS regulations, and Executive Order 11644 as amended. Accordingly, the Winter Use Plan is not arbitrary, capricious, or in violation of the law pursuant to the Administrative

Procedure Act, 5 U.S.C. § 706(2).  Through the completion of an extremely thorough EIS process, NPS also has fully complied with all of the requirements of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq*.

**2.      Whether the Case Is Likely to be Disposed of by Dispositive Motion**

The Parties agree that this case should be resolved by dispositive motions, because Plaintiffs' claims arise under the APA.

**3.      The Date by Which Other Parties Shall be Joined or the Pleadings Amended**

(a)      The Parties agree that all proper parties are before the Court.  The Parties do not anticipate filing any amendments to their pleadings at this time relating to the claims now asserted, but the Parties reserve the right to seek leave of the Court to amend as the Court may find appropriate.

(b)      The Parties agree that *National Parks Conservation Association v. U.S. Department of the Interior*, 07-cv-2112, the later-filed case, should be consolidated with this case, provided that the *Greater Yellowstone Coalition* plaintiffs and NPCA maintain the right to file separate briefs.

(c)      Federal Defendants' Statement:  With respect to the Wyoming litigation, *Wyoming v. U.S. Department of the Interior*, Case No. 07-CV-319B (D. Wyoming), the existence of parallel petitions for judicial review of the same agency action in different district courts presents the very real possibility that conflicting judgments ultimately may be entered by the respective courts.  In addition, the Parties have been informed that ISMA, who has intervened in the Wyoming litigation, will seek to intervene in the litigation before this Court as well.  Thus, at least one of the same

parties before the Wyoming court intends to participate in the proceedings before this Court regarding the same Winter Use Plan. Accordingly, the Federal Defendants intend to file conditional motions for transfer of venue in both district courts, so that all issues relating to the Winter Use Plan may be heard at one time, and so that conflicting judgments may be avoided. Federal Defendants intend to file their concurrent conditional motions in both district courts within two weeks of the filing of this Statement.

>   (d)    Plaintiffs' Statement: Plaintiffs will oppose any motion to transfer.

**4.    Whether Factual and Legal Issues Can Be Agreed Upon or Narrowed**

The Parties agree that this case will be resolved by dispositive motions, which will resolve all legal issues. In addition, the Parties agree that Plaintiffs' claims arise under the APA, and that this litigation constitutes an action "for review on an administrative record" within the meaning of LCvR 16.3(b) and Federal Rules of Civil Procedure 26(a)(1)(E)(i), (f). Accordingly, this Court is not being called upon to make findings of fact.

**5.    Whether the Case Should Be Assigned to a Magistrate Judge for All Purposes, Including Trial**

The Parties agree that this case should not be assigned to a magistrate judge.

**6.    Whether There Is a Realistic Possibility of Settlement**

The Parties have reviewed LCvR 16.3(c)(5), have discussed the available dispute resolution options provided by the Court and other entities, and have considered whether this case might benefit from any of the available dispute resolution options. The Parties agree there is no realistic possibility of settling this case, and further agree that ADR

would not be helpful.  The Parties note, however, that this case will be resolved by dispositive motions and, therefore, judicial economy will be served because there will be no need for trial or evidentiary proceedings.

**7.    Dates for Filing of Motions for Summary Judgment and/or Cross Motions, Oppositions, and Replies; and Proposed Date for a Decision on the Motions**

The Parties anticipate that the claims in this action will be resolved on cross-motions for summary judgment, following Defendants' preparation and service of the administrative record.  The Parties propose the following briefing schedule:

### Proposed Schedule

- March 21, 2008:  Federal Defendants to (i) file and serve a Certification of the Record and comprehensive index to the record documents (based on Bates numbering) and (ii) make hard copies of the Administrative Record available at a convenient location in the District of Columbia for inspection and copying by Plaintiffs at their expense, provided the Parties will work together in good faith to minimize the expense and burden.

- April 23, 2008:  Plaintiffs file their motion for summary judgment.

- May 1, 2008:  Defendants will file and serve a Notice of Lodging and a CD-ROM containing an electronic version of the complete Administrative Record.

- June 4, 2008:  Defendants file their combined opposition and cross-motion for summary judgment.

- July 2, 2008:  Plaintiffs file their combined opposition to Defendants' cross-motion and reply as to Plaintiffs' motion.

- July 30, 2008:  Defendants file their reply brief as to their cross-motion.

- As soon thereafter as the Court directs:  hearing on motion.

Respectfully submitted this 10th day of March 2008.

      /s/  Sean M. Helle
 Douglas L. Honnold (D.C. Bar # 468323)
dhonnold@earthjustice.org
Sean M. Helle (D.C. Bar # 490085)
shelle@earthjustice.org
Earthjustice
209 South Willson Avenue
Bozeman, MT  59715
(406) 586-9699
Fax: (406) 586-9695

David S. Baron (D.C. Bar # 464222)
dbarron@earthjustice.org
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036
(202) 667-4500

*Attorneys for Plaintiffs*


      /s/  Luther L. Hajek
Ronald J. Tenpas
Assistant Attorney General

Guillermo A. Montero (MA Bar # 660903)
Barry A. Weiner (NY Bar # 2739894)
Luther L. Hajek (DC Bar # 467742)
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, DC  20044-0663
Phone: (202) 305-0469
Fax: (202) 305-0274

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DIRK KEMPTHORNE, *et al*.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-cv-02111 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |

# [PROPOSED] SCHEDULING ORDER

Having considered the Parties' Joint Case Management Statement, it is hereby

ORDERED that Defendants file and serve a Certification of the Record and comprehensive index to the record documents (based on Bates numbering) by March 21, 2008; and it is

FURTHER ORDERED that Defendants by March 21, 2008 make hard copies of the Administrative Record available at a convenient location in the District of Columbia for inspection and copying by Plaintiffs at their expense, provided the Parties will work together in good faith to minimize the expense and burden; and it is

FURTHER ORDERED that Defendants will file and serve a Notice of Lodging and a CD-ROM containing an electronic version of the complete Administrative Record by May 1, 2008; and it is

FURTHER ORDERED that:

　　1) Plaintiffs file their motion for summary judgment by April 23, 2008;

2) Defendants file their combined opposition and cross-motion for summary judgment by June 4, 2008;

3) Plaintiffs file their combined opposition to Defendants' cross-motion and reply as to Plaintiffs' motion by July 2, 2008;

4) Defendants file their reply brief by July 30, 2008.

SO ORDERED this \_\_\_\_ day of _____, 2008.

_____
EMMET G. SULLIVAN
United States District Judge