IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
GREATER YELLOWSTONE                       )
COALITION, et al.,                                   )
                                                          )
                    Plaintiffs,                        )
                                                          )            Case No. 07-cv-2111 (EGS)
          v.                                             )
                                                          )
DIRK KEMPTHORNE, et al.,                   )
                                                          )
                    Defendants.                      )
_____)

### FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE WITH
### CIVIL NO. 07-2112 (EGS),
### *NATIONAL PARKS CONSERVATION ASS'N v. U.S. DEP'T OF THE INTERIOR, ET AL.*

Pursuant to Fed. R. Civ. P. 42(a), the defendants in the above-captioned case and Case

No. 07-cv-2112 (EGS), which is also before this Court, hereby move the Court to consolidate the

cases.  Both cases present challenges to the same agency actions, against the same federal

agencies, and will be resolved based on the same administrative record.  Accordingly, defendants

submit that consolidation would further the convenience of the parties and promote judicial

economy by, inter alia, allowing the parties to coordinate briefing schedules and hearing dates

for any of the various motions that may be filed throughout the course of the litigation.

I.        **Background:**

On December 13, 2007, the National Park Service (hereinafter "Service" or "Federal

Defendants") published in the Federal Register a Final Rule governing winter use in three units

of the National Park System: Yellowstone National Park, Grand Teton National Park, and the

John D. Rockefeller, Jr. Memorial Parkway (Collectively, "the Parks").  The Final Rule, which

became effective on December 19, 2007, implemented the Service's Record of Decision

("ROD") for the "Winter Use Plans Final Environmental Impact Statement" ("EIS"), and

amended the Special Regulations governing the use and management of all three Parks with

respect to winter use.  See 36 C.F.R. §§ 7.13, 7.21, 7.22.

On January 11, 2008, the Greater Yellowstone Coalition, the Wilderness Society, the

Natural Resources Defense Council, the Winter Wildlands Alliance, and the Sierra Club

(Collectively the "GYC") filed a First Amended and Supplemented Complaint for Declaratory

and Injunctive Relief in the above-captioned case.  GYC alleges that the EIS, ROD, and Final

Rule violate several federal laws including the National Park Service Organic Act ("Organic

Act"), 16 U.S.C. § 1 et seq., Executive Order 11644 ("EO 11644"), the National Environmental

Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the Administrative Procedure Act ("APA"), 5

U.S.C. § 701 et seq., and 36 C.F.R. § 2.18(c).

Similarly, on December 18, 2007, the National Parks Conservation Association

("NPCA") filed a First Amended Petition for Review of Agency Action.  As in the above-

captioned case, NPCA challenges the EIS, ROD, and Final Rule, alleging that they violate

NEPA, the APA, the Organic Act, the General Authorities Act, 16 U.S.C. § 1a-1 et seq., the

Yellowstone National Park Enabling Act, 16 U.S.C. § 21 et seq., EO 11644, and 36 C.F.R. §

2.18(c).  The second case, which is currently pending before this Court, is captioned Case No.

07-cv-2112 (EGS).

## II.    Argument:

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate

separate actions or discrete proceedings therein as follows:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate
> the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court."  Stewart v. O'Neill, 225 F. Supp.2d 16, 20 (D.D.C. 2002).  "When determining whether to exercise such discretion, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'"  American Postal Workers Union v. United States Postal Service, 422 F. Supp.2d 240, 245 (D.D.C. 2006) (quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003).

Here, the above standards weigh heavily in favor of consolidating the above-captioned case with Case No. 07-cv-2112 (EGS), because both cases challenge the same EIS, ROD, and Final Rule, and both cases will require that the Court become familiar with the same administrative record.  In addition, both cases present nearly identical issues of law, including:

(1) claims that the Final Rule, EIS, and/or ROD violate the National Park Service Organic Act, the General Authorities Act, and the Yellowstone National Park Enabling Act, 16 U.S.C. § 22 by allegedly permitting impairment, injury, or spoliation of the Parks' wildlife, natural soundscapes, and air quality.  Compare NPCA Complaint ¶55(a), (d) with GYC Complaint ¶44;

(2) claims that the Final Rule, EIS, and/or ROD adversely affect the natural, aesthetic and scenic values within the Parks in violation of Executive Order 11644. Compare NPCA Complaint ¶55(b) with GYC Complaint ¶47;

(3) claims that the Final Rule, EIS, and/or ROD authorize snowmobile use allegedly in violation of 36 C.F.R. §2.18(c).  Compare NPCA Complaint ¶55(c) with GYC Complaint ¶50.

(4)     claims that the EIS violated NEPA and/or the APA by using allegedly arbitrary

standards for the analysis of impacts to wildlife, soundscapes, and air quality.

<u>Compare</u> NPCA Complaint ¶¶ 56(a)-(c), 58(c)-(d) <u>with</u> GYC Complaint ¶¶ 53-54,

58, 62, 65.

Given that the cases challenge the same agency actions, share an administrative record, and

present nearly identical legal issues, Federal Defendants respectfully submit that a consolidation

of the cases will not cause confusion or result in a delay of proceedings.  In addition, Federal

Defendants submit that consolidation will not prejudice any of the parties.

The parties in both cases have discussed the instant motion in compliance with LCvRs

7(m), 16.3, and this Court's February 8, 2008 Order (Dkt. #17), and have made a good faith

effort to narrow the areas of disagreement.  As memorialized in the Joint Case Management

Statement filed with this Court on March 10, 2008 (Dkt. #18 at 6), the parties in the above-

captioned case generally agreed that the two cases should be consolidated subject to one

condition.  Specifically, the parties stated:

> The Parties agree that <u>National Parks Conservation Association v. U.S.
> Department of the Interior</u>, 07-cv-2112, the later-filed case, should be
> consolidated with this case, provided that the <u>Greater Yellowstone Coalition</u>
> plaintiffs and NPCA maintain the right to file separate briefs.

Dkt. #18 at 6.[1]

---

[1]     Similarly, the Joint Case Management Statement in Case No. 07-cv-2112 (EGS), which
was filed on March 7, 2008 (<u>see</u> Case No. 07-cv-2112 (EGS), Dkt. #14 at 8), states:

> The Parties agree that this case should be consolidated with <u>Greater Yellowstone
> Coalition et al. v. Kempthorne</u>, 07-cv-2111, provided that (i) any order of
> consolidation should state that, in the event there is a motion to transfer this case
> to the United States District Court for the District of Wyoming, such motion
> should be addressed and resolved separately for each of the instant case and the
> Greater Yellowstone Coalition case without regard to their having been
> consolidated and (ii) the NPCA reserves the right to file separate briefs.

On March 12, 2008, Counsel for GYC once again confirmed that GYC would not oppose the Defendants' motion to consolidate, but with the new condition that the above-captioned case be designated as the lead case. While Federal Defendants have no objection to this request, Defendants submit that no prejudice will befall GYC as a result of consolidation even if this Court does not grant its request to be designated the lead plaintiff. To the contrary, Defendants submit that consolidation of the cases would further the convenience of the parties and judicial economy by allowing the parties to coordinate briefing schedules and hearing dates for any of the various motions that may be filed throughout the course of the litigation, and by eliminating the need for the parties to file similar or even duplicate pleadings in each of the two cases every time the need for a motion arises.

## III.    Conclusion

For the foregoing reasons, Federal Defendants respectfully request that the Court consolidate the above-captioned case with Case No. 07-cv-2112 (EGS) for all purposes. To accommodate the plaintiffs' concerns in both cases, however, Defendants request that the Court include the following caveats in its order of consolidation: (1) that the plaintiffs in both cases retain the right to file separate pleadings, motions, and briefs; and (2) that in the event Defendants file a motion to transfer venue, such motion should be addressed and resolved separately for each of the two cases without regard to their having been consolidated.

The undersigned counsel has conferred with counsel for GYC concerning the instant motion in compliance with LCvR 7(m). Counsel for GYC has stated that GYC would oppose the motion unless the GYC action is designated the lead case.

Respectfully submitted this 13th day of March, 2008.

> RONALD J. TENPAS
> Assistant Attorney General
>
> /s/ Guillermo A. Montero
> GUILLERMO A. MONTERO
> BARRY A. WEINER
> LUTHER L. HAJEK
> United States Department of Justice
> Environment and Natural Resources Division
> Post Office Box 663
> Washington, D.C. 20044-0663
> Telephone: (202) 305-0469; (202) 305-0492
> Fax: (202) 305-0274
> Email: Barry.Weiner@usdoj.gov
>         Luke.Hajek@usdoj.gov
>         Guillermo.Montero@usdoj.gov
>
> Attorneys for the Defendants

OF COUNSEL:

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C.  20240
Tel: (202) 208-7957

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                        )
GREATER YELLOWSTONE                     )
COALITION, et al.,                      )
                                        )
            Plaintiffs,                 )
                                        )        Case No. 07-cv-2111 (EGS)
      v.                                )
                                        )
                                        )
DIRK KEMPTHORNE, et al.,                )
                                        )
            Defendants.                 )
_____ )


**[PROPOSED] ORDER GRANTING**
**FEDERAL DEFENDANTS' MOTION TO CONSOLIDATE WITH**
**CIVIL NO. 07-2112 (EGS),**
***NATIONAL PARKS CONSERVATION ASS'N v. U.S. DEP'T OF THE INTERIOR, ET AL.***

# [PROPOSED] ORDER

This matter comes before the Court on the Parties' joint motion to consolidate the instant case, Case No. 07-cv-2111 (EGS), with another action which is also before this Court, <u>National Parks Conservation Ass'n v. U.S. Dep't of the Interior</u>, Case No. 07-cv-2112 (EGS). For the reasons stated therein, it is determined that the cases should be consolidated.

Accordingly, it is hereby ORDERED that the Parties' Joint Motion to Consolidate with Civil No. 07-2112 (EGS), National Parks Conservation Ass'n, et al. v. U.S. Dep't of the Interior, et al., is GRANTED.

However, to accommodate the plaintiffs' concerns in both cases, and consistent with the movant's request, it is FURTHER ORDERED (1) that the plaintiffs in both cases retain the right to file separate pleadings, motions, and briefs; and (2) that in the event Defendants file a motion to transfer venue, such motion should be addressed and resolved separately for each of the two cases without regard to their having been consolidated.

DATED: _____, 2008     By: _____

                                                        Honorable Emmet G. Sullivan
                                                         U.S. District Court Judge