IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>Defendants. | Case No. 07-cv-2111 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE<br><br>Defendants. | Case No. 07-cv-2112 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |

**FEDERAL DEFENDANTS' RESPONSE TO GREATER YELLOWSTONE COALITION PLAINTIFFS' "STATEMENT" REGARDING NATIONAL PARKS CONSERVATION ASSOCIATION'S APRIL 1, 2008 MOTION FOR EXTENSION**

The United States Department of the Interior and the U.S. National Park Service (collectively "Federal Defendants") hereby respond to Plaintiff Greater Yellowstone Coalition's ("GYC") "Statement" concerning the National Parks Conservation Association's ("NPCA") April 1, 2008 motion for an extension of time in the consolidated case, No. 07-cv-2112 (EGS).

In its Statement, GYC "request[s] that any extension of time available to oppose federal defendants' March 25, 2008 Motion to transfer – a motion pertaining to both cases – apply

uniformly" in both <u>Greater Yellowstone Coalition v. Kempthorne</u>, Case No. 07-cv-2111, and <u>National Parks Conservation Association v. U.S. Dep't of the Interior</u>, Case No. 07-cv-2112. GYC provides no justification for the requested enlargement other than its statement that the cases have been consolidated.

As a preliminary matter, the fact that the cases are consolidated should have no bearing on whether GYC is granted an enlargement of time in which to respond to the Federal Defendants' motion for transfer. As memorialized in the Court's March 19, 2008 minute order, the parties intended that the motions to transfer "be addressed and resolved separately for each of the two cases without regard to their having been consolidated." Thus, the order consolidating the above-captioned cases in no way requires that the transfer motions be briefed in lockstep.

More importantly, even if GYC had presented some grounds for its requested enlargement, which it did not, those grounds would be outweighed by the prejudice that will befall Federal Defendants if GYC's request is granted. Had GYC conferred with the Federal Defendants in accordance with local rule 7(m),[1] Defendants would have explained that the consent to a limited enlargement of NPCA's opposition deadline (until 1:00 p.m. on April 11) is possible only if the Defendants proportionally reduce their own time for filing a reply brief. This proposed arrangement is intended to ensure that the Court is given sufficient time to render a ruling on Federal Defendants' motion by April 25, as explained more fully in the Federal

---

[1] Defendants respectfully submit that GYC's "Statement" is in fact an improperly noticed motion for enlargement of time. As with all motions for administrative relief, GYC was required, but failed to, abide by the meet and confer requirement in LCvR 7(m) prior to filing its motion. Defendants submit that strict compliance with LCvR 7(m) is required in order to avoid burdening the Court with administrative motions that can and should be resolved without the Court's involvement whenever possible.

Defendants' Memorandum in Opposition to NPCAs' Motion for Extension, filed earlier today in Case No. 07-cv-2112 (Attached hereto as Exhibit A). As stated therein:

> . . . Defendants have proposed several compromises to accommodate NPCA's asserted needs without jeopardizing the requested April 25 decision date. First, Defendants have proposed an enlargement of two and one-half days for NPCA's opposition brief, until 1:00 p.m. on April 11. . . . [In addition,] Defendants have indicated that they would complete and file their reply to NPCA's opposition brief no later than April 16, thereby affording the Court a full seven court days before April 25 in which to consider the Defendants' motion. . . . Federal Defendants believe the alternative arrangement described immediately above is more than reasonable, <u>especially given that Defendants are proposing a voluntary reduction of their reply time to accommodate NPCA's needs</u>.

<u>Id.</u> at 3-4 (emphasis added). In light of Defendants' proposed voluntary reduction of their time in which to reply to NPCA's opposition brief, it would unreasonably prejudice the Defendants if they were now forced to draft <u>two</u> reply briefs in that same compressed time frame, especially given that GYC has offered no justification for its requested extension. Accordingly, Defendants respectfully request that the Court maintain April 8, 2008 as the deadline for GYC's opposition to Federal Defendants' transfer motion. In the alternative, Defendants request that GYC be required to meet, confer and, if necessary, file a properly noticed motion for enlargement so that Defendants may be afforded a full opportunity to address GYC's as of yet unarticulated need for the enlargement.

Respectfully submitted this 3rd day of April, 2008.

        RONALD J. TENPAS
        Assistant Attorney General

        /s/Guillermo A. Montero
        GUILLERMO A. MONTERO
        BARRY A. WEINER
        LUTHER L. HAJEK
        United States Department of Justice
        Environment and Natural Resources Division

|  |  |
|---|---|
|  | Post Office Box 663 |
|  | Washington, D.C. 20044-0663 |
|  | Telephone: (202) 305-0469 / Fax: (202) 305-0274 |
|  | Email: Barry.Weiner@usdoj.gov |
|  |     Luke.Hajek@usdoj.gov |
|  |     Guillermo.Montero@usdoj.gov |
| OF COUNSEL: | Attorneys for the Defendants |
| JASON WAANDERS |  |
| U.S. Department of the Interior |  |
| Office of the Solicitor |  |
| Division of Parks and Wildlife |  |
| 1849 C St., N.W., MS-3230 |  |
| Washington, D.C.  20240 |  |
| Tel: (202) 208-7957 |  |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREATER YELLOWSTONE COALITION, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, et al., )<br>)<br>Defendants. )<br>) | Case No. 07-cv-2111 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE )<br>)<br>Defendants. )<br>) | Case No. 07-cv-2112 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |

**DECLARATION OF GUILLERMO A. MONTERO IN SUPPORT OF
FEDERAL DEFENDANTS' RESPONSE TO GREATER YELLOWSTONE COALITION
PLAINTIFFS' "STATEMENT" REGARDING NATIONAL PARKS CONSERVATION
ASSOCIATION'S APRIL 1, 2008 MOTION FOR EXTENSION**

- 2 -

I, Guillermo A. Montero, declare as follows pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney in good standing of the bar of Massachusetts, and I am employed as a trial attorney with the United States Department of Justice, Environment and Natural Resources Division, Natural Resources Section. I am one of the attorneys of record assigned to represent the Federal Defendants in this action. I have personal knowledge of the facts stated herein and, if called upon to testify, I would testify that the facts set forth below are true and correct.

    2.    Attached as **Exhibit A** is a true and correct copy of the Federal Defendants' Memorandum in Opposition to NPCA's Motion for Extension of Time to File its Opposition to the Federal Defendants' Motion to Transfer, which was filed in Case No. 07-cv-2112-EGS (Dkt. #24) on April 3, 2008.

Executed this 3rd day of April, 2008, in Washington, D.C.

                                                  /s/ Guillermo A. Montero
                                                  Guillermo A. Montero

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GREATER YELLOWSTONE COALITION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | Case No. 07-cv-2111 (EGS) <br><br> [Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE <br><br> Defendants. | Case No. 07-cv-2112 (EGS) <br><br> [Hearing on Motions for Summary Judgment on August 27, 2008] |

**FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO
NPCA's MOTION FOR EXTENSION OF TIME TO FILE ITS OPPOSITION TO THE
FEDERAL DEFENDANTS' MOTION TO TRANSFER**

The United States Department of the Interior and the U.S. National Park Service (collectively "Federal Defendants") hereby oppose Plaintiff National Parks Conservation Association's ("NPCA") motion for an extension of time in which to file its opposition to the Federal Defendants' March 25, 2008 transfer motion.

In an attempt to relieve Federal Defendants' burden of having to litigate over the same agency actions in two separate districts, Defendants on March 25, 2008 filed contingent motions

EXHIBIT A

to transfer in this District and the District of Wyoming. The motion in this District asks that the Court issue a decision granting or denying the requested relief by April 25. The contingent motion in the District of Wyoming asks the Wyoming Court to consider the motion by April 25 in the event this Court does not issue an order transferring the above-captioned cases to the Wyoming Court by that date. Federal Defendants have requested a ruling by April 25 so that this important issue can be resolved in advance of the May 9, 2008 deadline for summary judgment motions, which the Court has indicated will not be extended for any reason. See March 19, 2008 Scheduling Order (Dkt. #20).

Despite these considerations, NPCA requests an additional ten days in which to complete its opposition brief. Specifically, NPCA asserts that the additional time is necessary to review portions of the administrative record to determine (1) the extent of involvement of officials in Washington, D.C. in the development of the new rule governing winter use in the Parks; and (2) the geographic source of the public comments on that new rule. By way of its motion, NPCA requests the luxury of two full weeks in which to complete its review of these very limited portions of the administrative record which, consistent with this Court's Scheduling Order, must be made available to the Plaintiffs by April 4. This request is unreasonable.

NPCA's proposed enlargement until April 18 would leave only one week for the Defendants to file a reply brief in support of their transfer motion and for this Court to issue a decision. Contrary to NPCA's assertions, Defendants are not asking that NPCA "be forced to adhere to an artificial deadline created by Federal Defendants." See Mot. at 3. The local rules require that NPCA file its opposition within 11 calendar days. See LCvR 7(b). More importantly, however, Federal Defendants' request that NPCA adhere to this deadline is in no way "artificial." This Court has made clear that "no extensions of time [for the dates set in this

EXHIBIT A

Court's Scheduling Order] will be given to any party for any reason." See Dkt. #20 at 3. It is therefore imperative that the Defendants' motions for transfer be resolved by *both* districts as soon in advance of this Court's May 9 deadline for summary judgment motions as possible, so as not to prejudice the Wyoming plaintiffs in the event their cases are transferred to this District. In addition, resolving the motion to transfer well in advance of May 9 would ensure that the motion does not interfere with the parties' briefing of the merits in the above-captioned cases.

In light of the above, Defendants have proposed several compromises to accommodate NPCA's asserted needs without jeopardizing the requested April 25 decision date. First, Defendants have proposed an enlargement of two and one-half days for NPCA's opposition brief, until 1:00 p.m. on April 11. Second, Defendants have already provided NPCA with the complete index to the administrative record, and have made arrangements so that NPCA can access the administrative record on the morning of April 3. NPCA's attorneys have informed Federal Defendants that, instead, they prefer to wait a full four calendar days to begin their review of the relevant materials in the record. See Exs. A, B.[1] The asserted reason for the delay is that NPCA's attorneys must wait for one of their clients to arrive in Washington, D.C. from Florida before their review of any portion of the administrative record may begin. See Ex. C. Given that NPCA's stated reason for the requested extension is that they need more time to review relevant portions of the record, NPCA's refusal to begin review of those materials immediately is inexcusable.

Finally, Defendants have indicated that they would complete and file their reply to NPCA's opposition brief no later than April 16, thereby affording the Court a full seven court

---

[1]  Citations to "Ex. ___" refer to the exhibits submitted with the declaration of Guillermo A. Montero, which is filed concurrently herewith.

- 3 -

EXHIBIT A

days before April 25 in which to consider the Defendants' motion. Thus, although Defendants strongly disagree that more time is needed, Defendants have crafted an alternative solution which would provide NPCA's counsel with a full nine calendar days in which to review the relevant portions of the administrative record without reducing the Court's time to consider Federal Defendants' motion before the requested April 25, 2008 decision date.[2]

Federal Defendants believe the alternative arrangement described immediately above is more than reasonable, especially given that Defendants are proposing a voluntary reduction of their reply time to accommodate NPCA's needs. Accordingly, Federal Defendants respectfully request that the Court deny NPCA's motion for an enlargement of 10 days. To accommodate NPCA's asserted needs however, Federal Defendants would not oppose an enlargement of NPCA's deadline to file an opposition to Federal Defendants' transfer motion by two and one-half days, until 1:00 p.m. on April 11, 2008.

Respectfully submitted this 3rd day of April, 2008.

> RONALD J. TENPAS
> Assistant Attorney General
>
> /s/Guillermo A. Montero
> GUILLERMO A. MONTERO
> BARRY A. WEINER
> LUTHER L. HAJEK
> United States Department of Justice
> Environment and Natural Resources Division
> Post Office Box 663
> Washington, D.C. 20044-0663
> Telephone: (202) 305-0469 / Fax: (202) 305-0274

---

[2] Defendants also note that NPCA has enjoyed the benefit of three additional days in which to file its opposition brief, by operation of Fed. R. Civ. P. 6(d), despite immediate service by the Court's ECF system. These three days are in addition to the 13.5 days already provided by Local Rule 7(b) and the Defendants' proposed enlargement).

- 4 -

EXHIBIT A

- 5 -

                      Email: Barry.Weiner@usdoj.gov
                            Luke.Hajek@usdoj.gov
                      Guillermo.Montero@usdoj.gov

OF COUNSEL:                        Attorneys for the Defendants

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C. 20240
Tel: (202) 208-7957

EXHIBIT A