...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>　　　　Defendants. | Case No. 07-cv-2111 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE,<br><br>　　　　Defendants. | Case No. 07-cv-2112 (EGS)<br><br>[Hearing on Motions for Summary Judgment on August 27, 2008] |

**PLAINTIFF NATIONAL PARKS CONSERVATION ASSOCIATION'S SURREPLY IN OPPOSITION TO MOTION TO TRANSFER**

While Plaintiff National Parks Conservation Association ("NPCA") disagrees with much in the Federal Defendants' reply brief in support of their motion to transfer, we file this surreply to make only the following point:

The Federal Defendants claim that NPCA's first-filed complaint is not entitled to "first-filed" status because, when the NPCA filed that complaint on November 21, 2007, it was supposedly premature. But this is simply wrong as a matter of law. That complaint challenged

the Federal Defendants' Final Environment Impact Statement and Record of Decision on the grounds they violated the National Environmental Policy Act ("NEPA") and that they were, under the Administrative Procedure Act ("APA"), arbitrary and capricious. *See* Federal Defendants' Ex. I, at 19-24. No challenge was made to the rule, which had not at that time been adopted, and no claim was asserted that Federal Defendants had violated the statutes governing the administration of these parks or other substantive legal requirements. A final environment impact statement and a record of decision constitute final agency action for the purpose of a challenge to those agency actions under NEPA and the APA. *See, e.g.*, *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006) (In NEPA challenge, final EIS or record of decision constitutes final agency action.); *Center for Biological Diversity v. Pirie*, 191 F. Supp. 2d 161, 176 (D.D.C. 2002) (Sullivan, J.) (same); *California Dept. of Health Services v. Babbitt*, 46 F. Supp. 2d 13, 21 (D.D.C. 1999) (Sullivan, J.) (same); *Atchison, Topeka and Santa Fee Railway Co. v. Callaway*, 431 F. Supp. 722, 729 (D.D.C. 1977) (same).

Accordingly, when NPCA filed its initial complaint on November 21, 2007, asserting that the Final Environmental Impact Statement and Record of Decision in this matter failed to comply with NEPA and were arbitrary and capricious, that complaint challenged final agency action. And that complaint was filed 3 weeks before that by the State of Wyoming, 6 weeks

before that by Park County and 3 months before that by the Wyoming intervenors.

                                Respectfully submitted,

                                /s/ Robert D. Rosenbaum
                                Robert D. Rosenbaum (D.C. Bar No. 090498)
                                Francis A. Franze-Nakamura (D.C. Bar No. 497985)
                                ARNOLD & PORTER LLP
                                555 Twelfth Street, NW
                                Washington, DC  20004
                                Phone:    (202) 942-5862
                                Fax:       (202) 942-5999

                                Attorneys for Plaintiff

Dated:  April 18, 2008