## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civ. No. 07-2111 (EGS) ) |
| v. | ) [Hearing on Motion for Summary ) Judgment on August 27, 2008] |
| DIRK KEMPTHORNE, *et al.*, | ) ) |
| Defendants. | ) ) |
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) |
| Plaintiff, | ) Civ. No. 07-2112 (EGS) ) |
| v. | ) [Hearing on Motion for Summary ) Judgment on August 27, 2008] |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' JOINT MOTION TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG FOR DOCUMENTS WITHHELD AS "DELIBERATIVE"

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.2, plaintiffs respectfully move this Court for an order requiring defendants to produce a privilege log for documents that defendants have withheld from the administrative record on the purported ground that they are covered by deliberative process privilege. Plaintiffs' motion is supported by the accompanying memorandum of law and Declaration of Robert D. Rosenbaum.

## STATEMENT PURSUANT TO LCvR 7(m)

Pursuant to Local Rule 7(m), counsel for the parties have conferred but were unable to eliminate or narrow their areas of disagreement.

Dated: May 2, 2008

Respectfully submitted,

/s/ Robert D. Rosenbaum
Robert D. Rosenbaum (D.C. Bar No. 090498)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Phone: (202) 942-5862
Fax:  (202) 942-5999

Attorneys for Plaintiff National Parks
Conservation Association

/s/ Sean M. Helle
Douglas L. Honnold (D.C. Bar No. 468323)
Sean M. Helle (D.C. Bar No. 490085)
Earthjustice
209 South Wilson Avenue
Bozeman, MT  59715
Phone:  (406) 586-9699
Fax:  (406) 586-9695

David S. Baron (D.C. Bar No. 464222)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington D.C.  20036
Phone:  (202) 667-4500
Fax:  (202) 667-2356

Attorneys for Plaintiffs Greater
Yellowstone Coalition, *et al*.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 07-2111 (EGS) |
| v. | ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| DIRK KEMPTHORNE, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 07-2112 (EGS) |
| v. | ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG FOR DOCUMENTS WITHHELD AS "DELIBERATIVE"

Plaintiffs respectfully submit this memorandum in support of their joint motion to compel defendants to produce a privilege log for documents that defendants have withheld from the administrative record on the purported ground that they are covered by deliberative process privilege.

Defendants have omitted from the administrative record (and from the index of that record) documents that they characterize as "deliberative" because those documents concern

communications between various government officials. Defendants contend that "deliberative" documents are not part of the record and that they therefore do not need to identify the specific documents at issue, or identify the authors and recipients of each document, or explain for each document why the government contends that the document is protected by deliberative process privilege. In short, defendants contend that they can unilaterally withhold documents on the purported ground that they are privileged and refuse to provide plaintiffs information necessary to evaluate that claim of privilege. Defendants' contention is contrary to law and the government's own guidance documents.

Plaintiffs respectfully request that the Court order defendants to produce a privilege log of all "deliberative" materials they have withheld.

## BACKGROUND

Plaintiffs have brought this case to challenge the Winter Use Plan for Yellowstone and Grand Teton National Park and John D. Rockefeller, Jr. Memorial Parkway. Plaintiffs allege that the government's Final Rule, Final Environmental Impact Statement, and Record of Decision violate the National Environmental Policy Act and the Administrative Procedure Act. Plaintiffs also contend that the Final Rule violates the National Park Service Organic Act and governing Executive Orders and NPS regulations.

On April 4, 2008, defendants filed a certification of the administration record declaring that the record certified was "true, accurate, and complete[.]" *See* Cert. of the Admin. Rec. (Dkt. No. 31-2) (Apr. 4, 2008), at 2. This declaration, however, was subject to an ambiguous qualification. According to defendants, "[s]ome documents, which are deliberative materials and/or privileged documents reflecting agency deliberations, ha[d] not been included in th[e] administrative record." *Id.* at 2. In an April 8, 2008 letter, counsel for defendants confirmed this

2

omission, stating that "[t]he majority" of the excluded documents "are communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget, and other Executive Branch officials regarding NPS's winter use plan . . . ." *See* Letter from Luther L. Hajek to Douglas L. Honnold and Robert D. Rosenbaum, dated April 8, 2007 [*sic*] (Declaration of Robert D. Rosenbaum ("Rosenbaum Decl.") Ex. A).

Counsel for plaintiffs asked defendants to clarify whether allegedly "deliberative" materials had gone unmentioned in the record index and, if so, to provide a privilege log identifying each such document and the grounds for its exclusion. *See* Letter from Ingo W. Sprie, Jr. to Barry A. Weiner and Luther L. Hajek, dated April 10, 2008 (Rosenbaum Decl. Ex. B). The government acknowledged that it had declined to catalogue its collection of purportedly "deliberative" materials -- and refused to identify the documents withheld. *See* Letter from Luther L. Hajek to Ingo Sprie, dated April 16, 2007 [*sic*] (Rosenbaum Decl. Ex. C.). The government took the position that deliberative materials are not part of the administrative record and that the government can therefore withhold them without identifying them: "These documents are not part of the administrative record and were appropriately excluded from the administrative record under applicable law." *Id.* at 1.[1] According to defendants:

> the deliberative materials [excluded] are comprised of communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget ("OMB"), and other Executive Branch officials regarding NPS's winter use plan for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr.

---

[1] The materials also fall within the Greater Yellowstone Coalition plaintiffs' December 2007 FOIA requests seeking documentation of Washington officials' involvement in the decision to perpetuate recreational snowmobiling within Yellowstone. The Park Service has produced documents pursuant to the FOIA request, but has not provided a log of documents withheld based on purported deliberative process privilege. *See* Letter from Kerrie Evans to Sean M. Helle, dated April 30, 2008 (Rosenbaum Decl. Ex. E).

> Memorial Parkway . . . . Among these documents are internal
> emails, memoranda, briefing materials, draft documents, and
> comments regarding NPS's proposed rule for winter use of the
> Parks, draft and final environmental impact[] statement[s], the
> record of decision, and the final rule, which issued on December
> 13, 2007.

*Id.* Plaintiffs understand from discussions with the government that the number of documents

withheld on these grounds is on the order of a few dozen.

The parties have conferred in an effort to resolve their dispute, but have been unable to

reach any agreement.

## ARGUMENT

The government has an obligation to produce the whole record that was before the

relevant agency at the time the agency made the challenged decision. *See Citizens to Preserve*

*Overton Park v. Volpe,* 401 U.S. 402, 420 (1971) (review to be based on the "full administrative

record"). The whole record includes "'all documents and materials directly or indirectly

considered by agency decision-makers and includes evidence contrary to the agency's position.'"

*Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989) (citation and

emphasis omitted).

Deliberative materials reflecting communications between government officials

concerning agency action are part of the record and can be withheld from production only

pursuant to a substantiated claim of deliberative process privilege (or any other privilege that

might apply). In *National Courier Association v. Board of Governors of Federal Reserve*

*System*, 516 F.2d 1229 (D.C. Cir. 1975), the D.C. Circuit rejected the government's argument, in

the context of administrative review under 28 U.S.C. § 2112, that internal memoranda prepared

by staff members of the Federal Reserve Board were not part of the record. The court explained

that private parties have a strong interest in "fully knowing the basis and circumstances of an

4

agency's decision." *Id*. at 1241. "The process by which the decision has been reached is often

mysterious enough without the agency's maintaining unnecessary secrecy." *Id*. The court also

noted that it is "normally . . . far easier for the agency to establish its interest in suppressing such

documents than for the private litigants to establish their interest in exposing them to judicial

scrutiny." *Id*. The court concluded that:

> The proper approach, therefore, would appear to be to consider any
> document that might have influenced the agency's decision to be
> "evidence" . . . but subject to any privilege that the agency
> properly claims as protecting its interest in non-disclosure.

*Id*. The court noted that one such privilege is the deliberative process privilege -- and conducted

an *in camera* review of documents at issue in order to determine if they had been properly

excluded from the record as "deliberative." *Id*. at 1241-43. The circuit court's analysis applies

equally to defining the administrative record for purposes of review under the Administrative

Procedure Act.

The fact that deliberative materials are part of the administrative record subject to the

government's ability to establish that they are privileged was more recently made clear by *In re*

*Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1279-80

(D.C. Cir. 1998). In that case, the circuit court reaffirmed that the government can claim

deliberative process privilege in an action challenging an agency's action as arbitrary and

capricious under the Administrative Procedure Act. *Id*. The fact that the court framed the issue

as one of applying "privilege," rather than as an issue of whether such documents are part of the

record in the first instance, indicates that deliberative materials are part of the record. If such

materials were not part of the record, the court would have had no need to address the issue of

privilege.

Thus, in *International Longshoremen's Ass'n v. National Mediation Board*, No. 04-CV-842, 2006 WL 197461 (D.D.C. Jan. 25, 2006), the court held that the government could withhold certain allegedly deliberative documents from the administrative record if it demonstrated that it was entitled to deliberative process privilege. The court held that "privileges under the APA are considered to be 'coextensive with Exemption 5 of the Freedom of Information Act'" and that accordingly "to properly defend against a challenge to the exclusion of information from an administrative record, a defendant should necessarily provide the same information it would submit when defending against a challenge for withholding such information in a Freedom of Information Act action." *Id.* at *4 (citation omitted).

Other courts similarly have held that the government must identify deliberative materials or have evaluated whether the government may withhold deliberative materials pursuant to deliberative process privilege based on information provided about the materials. *See, e.g., Modesto Irrigation Dist. v. Gutierrez,* No. 1:06-CV-00453, 2007 WL 763370, at *5-7 (E.D. Cal. Mar. 9, 2007) (evaluating availability of privilege based on information supplied in government affidavit); *Cal. ex rel. Lockyer v. United States Dep't of Agric.*, Nos. C05-03508, C05-04038, 2006 WL 708914, at *4 (N.D. Cal. Mar. 16, 2006) ("If Defendants withhold any documents from the record based on [deliberative process] privilege, they shall . . . provide a privilege log . . . ."); *Ctr. for Biological Diversity v. Norton*, No. Civ 01-409, 2002 WL 32136200, at *2-3 (D. Ariz. July 24, 2002) (discussing standards for invoking deliberative process privilege and reviewing allegedly privileged documents appearing on the government's privilege log); *Miami Nation of Indians of Ind. v. Babbitt,* 979 F. Supp. 771, 778 (N.D. Ind. 1996) (holding that, to the extent the government sought to exclude deliberative material from the administrative record, the

government was to identify "which materials it contends the deliberative process privilege protects with specificity").[2]

The government itself has recognized that deliberative materials are part of the record. In a guidance document issued after the D.C. Circuit's decision in *In re Subpoena Duces Tecum*, the Department of Justice's Environment and Natural Resources Division advised its client agencies that "[g]enerally, the administrative record includes privileged documents and materials" -- such as those within the "deliberative or mental processes" privilege. *See* Guidance to Federal Agencies on Compiling the Administrative Record, *available at* http://www.fws.gov/policy/library/m0063.html), § 4 (Rosenbaum Decl. Ex. F); *see also id.* § 1 (stating that an administrative record should "[i]nclude privileged and non-privileged documents and materials"). This includes "documents concerning meetings between an agency and OMB[,]" which "may qualify, either partially or fully, for the deliberative process privilege." *Id.* § 3(b); *see also id.* ("[I]nclude all draft documents that were circulated for comment either outside the agency or outside the author's immediate office, if changes in these documents reflect significant input into the decision-making process[.]"). Where "documents and materials are determined to be privileged or protected," the Division's guidance states, "the index of record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld." *Id.* § 4; *see also id.* § 5 (indexes should state privileges

---

[2]    During the parties' efforts to resolve their dispute, the government cited two cases that declined to require the government to provide a privilege log for deliberative materials: *Tafas v. Dudas*, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008), and *Blue Ocean Institute v. Guitierrez*, 503 F. Supp. 2d 366, 372 (D.D.C. 2007) (magistrate opinion). These decisions are contrary to the decisions of the D.C. Circuit discussed above and contrary to the weight of other authority.

claimed).[3]  Thus, in refusing to provide plaintiffs with a log identifying those materials withheld as "deliberative," the government has disregarded its own guidance.

The Court should apply the above authorities and require the government to produce a log of documents withheld on the ground of deliberative process privilege.  This information is essential to allow plaintiffs and, if necessary, the Court to evaluate the propriety of the government's claim of privilege.  Plaintiffs respectfully request that the Court order defendants to provide the privilege log within five days of the Court's order.  This will allow plaintiffs time to review the log and move to compel the production of any documents they believe were inappropriately withheld in time to use the documents in opposing defendants' cross-motion for summary judgment.

## CONCLUSION

The Court should order defendants to produce a privilege log for all documents withheld on the ground of deliberative process privilege within five days of the Court's order.  The privilege log should specify for each document: (a) the date of the document, (b) the authors,

---

[3]     In 2003, the National Park Service published a draft Director's Order echoing the Department of Justice's guidance regarding the contents of administrative records.  *See* Director's Order #88: Documents and Other Materials Needed for Litigation, *available at* http://www.nps.gov /policy/DOrders/DO88-14Day.pdf) (Rosenbaum Decl. Ex. G).  The Park Service retains this guidance on its website.  *See* http://home.nps.gov/applications/npspolicy/ DOrders.cfm.

addressees, and recipients of the document and the position held by each such person, (c) any

persons (in addition to the authors, addressees, and recipients of the document) involved in the

deliberations referred to in the document, and (d) a description of the information claimed

privileged and explanation of why that information allegedly is privileged.

Dated: May 2, 2008

Respectfully submitted,


/s/ Robert D. Rosenbaum
Robert D. Rosenbaum (D.C. Bar No. 090498)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004
Phone: (202) 942-5862
Fax:  (202) 942-5999

Attorneys for Plaintiff National Parks
Conservation Association


/s/ Sean M. Helle
Douglas L. Honnold (D.C. Bar No. 468323)
Sean M. Helle (D.C. Bar No. 490085)
Earthjustice
209 South Wilson Avenue
Bozeman, MT  59715
Phone:  (406) 586-9699
Fax:  (406) 586-9695

David S. Baron (D.C. Bar No. 464222)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington D.C.  20036
Phone:  (202) 667-4500
Fax:  (202) 667-2356

Attorneys for Plaintiffs Greater
Yellowstone Coalition, *et al.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, ) ) ) ) | |
|       Plaintiffs, ) | Civ. No. 07-2111 (EGS) |
|       v. ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| DIRK KEMPTHORNE, *et al.*, ) ) | |
|       Defendants. ) | |
| NATIONAL PARKS CONSERVATION ASSOCIATION, ) ) ) ) | |
|       Plaintiff, ) | Civ. No. 07-2112 (EGS) |
|       v. ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, ) ) ) | |
|       Defendants. ) ) | |

## <u>DECLARATION OF ROBERT D. ROSENBAUM</u>

I, Robert D. Rosenbaum, hereby state, under penalty of perjury, as follows:

1. I am a member of the bar of this Court and a lawyer at Arnold & Porter LLP, counsel to plaintiff National Parks Conservation Association in this matter.

2. Attached as Exhibit A is a true and correct copy of a letter from Luther L. Hajek to Douglas L. Honnold and Robert D. Rosenbaum which I received by email on April 8, 2008.

3. Attached as Exhibit B is a true and correct copy of a letter from Ingo W. Sprie, Jr. to Barry A. Weiner and Luther L. Hajek, of which I received an email copy on April 10, 2008.

4.  Attached is Exhibit C is a true and correct cop of a letter from Luther L Hajek to Ingo W. Sprie, Jr. of which I received a copy by email on April 16, 2008.

5.  Attached as Exhibit D is a true and correct copy of a letter from Ingo W. Sprie, Jr. to Luther L. Hajek , of which I received a copy by email on April 23, 2008.

6.  Attached as Exhibit E is a true and correct copy of a letter from Kerrie Evans (Freedom of Information Act Coordinator) to Sean M. Helle, dated April 30, 2008, as provided to me by Mr. Helle.

7.  Attached as Exhibit F is a true and correct copy of a document entitled "Guidance for Federal Agencies On Compiling The Administrative Record," as obtained from the Department of the Interior, Fish and Wildlife Service, website.

7.  Attached as Exhibit G is a true and correct copy of a document entitled "draft Director's Order #88", as obtained from the National Park Service website.

_____

Robert D. Rosenbaum



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-4-12005

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0492*
*Facsimile (202) 305-0274*

April 8, 2007

*Via E-mail*

Douglas L. Honnold
Sean M. Helle
EarthJustice
209 South Willson Avenue
Bozeman, MT 59715

Robert D. Rosenbaum
Meetu Kaul
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004

Re:    Greater Yellowstone Coalition v. Kempthorne, 07-cv-2111 (EGS)
       National Parks Conservation Ass'n v. U.S. Dept of the Interior, 07-cv-2112
(EGS)

Dear Counselors:

As indicated in the Certification of the Index for the Administrative Record filed with the Court on April 4 in the above-captioned cases, the Administrative Record does not include certain documents because they are deliberative material and/or privileged documents reflecting agency deliberations. Such documents, which reflect internal, pre-decisional agency deliberations on legal or policy matters, were excluded from the administrative record.

The majority of the deliberative materials are communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget, and other Executive Branch officials regarding NPS's winter use plan for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks"). Among these documents are internal briefings, draft documents, and comments regarding NPS's proposed rule for winter use of the Parks, the record of decision, and the final rule, which issued on December 13, 2007.

Please do not hesitate to contact me at (202) 305-0492 if you have any questions.

Sincerely,

/s/ *Luther L. Hajek*

Luther L. Hajek
Trial Attorney
Department of Justice
Environment and Natural Resources Division

# ARNOLD & PORTER LLP

Ingo W. Sprie, Jr.
Ingo_Sprie@aporter.com

212.715.1124
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

April 10, 2008

**By Electronic Mail**

Barry A. Weiner, Esq.
Luther L. Hajek, Esq.
United States Department of Justice
Environmental Resources Division
P.O. Box 663
Washington, D.C.  20044-0663

>    Re:    ***National Parks Conservation Association v. United States Department
>    Of The Interior***, Case No. 1:07-cv-02112 (D.D.C.)

Dear Barry and Luther:

I write on behalf of the National Parks Conservation Association and also on behalf of counsel for the plaintiffs in the Greater Yellowstone Coalition case with respect to those documents listed in the index of the administrative record that you provided to us for which the government appears to be claiming privilege.  We interpret the government as claiming privilege with respect to those documents for which the word "yes" appears in the "Priv" column of the index.  We further interpret "A/C" to mean attorney-client privilege and "W/P" to mean work product protection.  (Please let us know if this interpretation is incorrect.)  A list of those documents is attached.

The entries for the documents for which the government is claiming privilege are not sufficient to allow us to evaluate the privilege claims.  Some entries fail to identify the basis for the claimed privilege.  Some fail to list any of the authors or recipients of the documents at issue.  For example, the first entry on the attached list reads only "Yellowstone & Grand Teton National Park Long-Term Winter Use Planning 1/14/05," without identifying the claimed privilege or listing any of the authors or recipients of the document.  Other entries list certain names associated with the document at issue without making clear whether those persons are the authors or recipients of the document.  The index fails to identify the positions held by any of the persons listed and fails to specify which persons are lawyers.  It is also not clear to us whether the government is withholding each of the identified documents in its entirety or whether the government plans to redact certain of the documents and withhold only portions for which it is

# ARNOLD & PORTER LLP

Barry A. Weiner, Esq.
Luther L. Hajek, Esq.
Page 2

claiming privilege. This is particularly unclear with respect to those entries using the term "some A/C" and "A/C (partial)."

So that we can better evaluate the government's claims of privilege, we ask that the government provide a privilege log that supplies the following information for each document for which the government claims privilege:

(1) the type of document;

(2) the date of the document;

(3) the subject matter of the document;

(4) the author(s) of the document;

(5) the recipient(s) of the document;

(6) the person(s) identified in the document as receiving copies;

(7) the specific nature of each and every privilege claimed for the document (e.g., attorney-client, work product, deliberative process, etc.); and

(8) whether the government is withholding the document in its entirety or will produce a redacted copy.

We also ask that the government provide us a list specifying the job title of each person named in the privilege log and identifying each person who is an attorney.

Finally, we note that the certification of the administrative record that was signed by John A. Sacklin states that "[s]ome documents, which are deliberative materials and/or privileged documents reflecting agency deliberations, have not been included in this administrative record." Similarly, Mr. Hajek's April 8, 2008 letter to plaintiffs' counsel states that the "the Administrative Record does not include certain documents because they are deliberative material and/or privileged documents reflecting agency deliberations." Please clarify whether these statements mean that there are documents that are part of the record that do not appear on the index you provided. If so, please identify each such document and, for each document, provide the information requested above.

# ARNOLD & PORTER LLP

Barry A. Weiner, Esq.
Luther L. Hajek, Esq.
Page 3


We would appreciate you providing the log and requested information by April 16, 2008 so that we can evaluate the government's privilege claims and promptly resolve any issues that may arise.

Sincerely yours,

Ingo W. Sprie, Jr.


cc:  Robert Rosenbaum, Esq.
     Sean Helle, Esq.

## Documents Listed In Index Of The Administrative Record
## For Which Government Claims Privilege

| DATE | FOLDER LABEL | DIVIDER LABEL | BATES FIRST |
|---|---|---|---|
| 1/14/05 | Yellowstone & Grand Teton National Parks Long-Term Winter Use Planning 1/14/05 | Briefings | 113284 |
| 3/8/06 | A/C; Draft legislative proposal; emails from J. Jennings/J Sacklin/B Roth/D Hecox/T Williamson/M Snyder; 3/6-3/8/06; 3/8/06 | Budget & Funding | 113772 |
| 1/14/05 | A/C - W/P; Draft Purpose and Need; 1/14/05 | Draft EIS | 116606 |
| 3/10/05 | A/C - W/P; Draft Purpose and Need and Long-Term Planning; 3/10/05 | Draft EIS | 116608 |
| 6/14/07 | A/C; J Sacklin/L Fischer/K Saxe re: Internal Review of Final EIS - winter use planning;6/6 -6/14/07; 6/14/07 | Final EIS | 117105 |
| 9/21/07 | A/C (partial); "Dear Interested Party" letter (9/21/07) re: FEIS is available/enclosed; email/postal mail requests for FEIS; 117156 is A/C; list of people to whom FEIS was sent; 9/21/07 | Final EIS | 117142 |
| 10/25/06 | A/C; L Fischer/H Crystal re: address for Fund for Animals contacts; 10/25/06 | Legal Proceedings | 117823 |
| 1/15/07 | some A/C (117830 -117831); Information provided to Harry Humbert, Office of the Inspector General, DOI (contains list of many court actions on winter use, 5/97 -9/06) (A/C: includes emails with Jason Waanders) 12/6/06-1/15/07; 1/15/07 | Legal Proceedings | 117825 |
| 5/3/06 | W/P; Emails re: case involving unguided snowmobiling violations and citations: 4/23/06 - 5/3/06; 5/3/06 | Operations & Working Documents | 119892 |
| 3/28/07 | A/C; J Sacklin to B Roth/J Waanders re: schedule for EIS and Rulemaking; 3/28/07 | Operations & Working Documents | 120078 |

1

| 5/25/06 | A/C (partial); "Handling FOIA Requests for the Personal Information of Commenters" Office of the Solicitor, 5/25/06 (A/C 120621-120623); 1. DOI rules direct release of commenter names under FOIA (3/6 - 4/13/06) incl related news articles; 5/25/06 | Policy Guidance | 120611 |
|---|---|---|---|
| 6/27/06 | A/C; Guidance on Compiling a Decision File and Administrative Record, from Solicitors Office; 6/27/06 | Policy Guidance | 120626 |
| 8/31/07 | A/C; M Yochim/J Waanders re: draft response to comments document; 8/31/07 | Public Comment | 121307 |
| 1/28/05 | A/C (as marked; 121458 only); Itineraries for winter briefings in Washington, DC, Feb 1-4; 1/28/05 | Public Involvement | 121455 |
| 3/27/07 | A/C; Proposed rule draft with B Roth's edits; G Pollock email to J Case/J Sacklin; 3/27/07 | Rules; Proposed Rule | 123260 |
| 10/25/07 | A/C; W/P: emails B Weiner/L Hajek/J Waanders/D Swanke re: draft ROD; 10/25/07 | Record of Decision | 126295 |
| 10/29/07 | A/C; W/P: J Sacklin/J Waanders emails re: Talking Points on OMB issues; 10/29/07 | Record of Decision | 126309 |
| 11/2/07 | A/C; Luke Hajek comments on ROD; L Hajek/J Sacklin emails; 11/2/07 | Record of Decision | 126369 |
| 11/2/07 | A/C; J Waanders/J Sacklin emails re: 11/20/07 version of ROD with B Roth's comments, incl. attached new draft; 11/20/07 | Record of Decision | 126442 |
| 9/26/07 | A/C; Draft of final rule with J Waanders edits (with Pollock response); 9/25 - 9/26/07; 9/26/07 | Rules: Final Rule | 12611 |
| 10/1/07 | A/C; B Roth/J Waanders comments on 9/21/07 draft of final rule; incl. Pollock/Sacklin comments; G Pollock/J Waanders email; 10/1/07 | Rules: Final Rule | 126522 |
| 10/4/07 | A/C; Conditional surname of final rule; S Masica/B Roth emails; 10/4/07 | Rules: Final Rule | 126535 |
| 10/30/07 | partial A/C (126572-126575); emails c Fagan/G Pollock/J Waanders and others re: OMB review and rule language re: unacceptable impacts; 10/26 - 10/30/07; 10/30/07 | Rules: Final Rule | 126570 |

2

| | | | |
|---|---|---|---|
| 11/26/07 | A/C; J Waanders/B Roth emails re: draft final rule, incl. attached draft; 11/23 - 11/26/07; 11/26/07 | Rules: Final Rule | 126615 |
| | | | |
| 11/27/07 | A/C; J. Case/J Sacklin email re: Final Rule with B Roth's edits, incl. attached draft/master copy; 11/27/07 | Rules: Final Rule | 126618 |
| | | | |
| 12/5/07 | A/C; G. Pollock to J Sacklin/J Waanders and others re: edits to rule addressing OMB comments, incl. attached version of rule; 12/5/07 | Rules: Final Rule | 126641 |
| | | | |
| 12/6/07 | A/C; W/P; Proposed language from DOI on rule; fax from J Strylowski; 12/6/07 | Rules Final Rule | 126643 |



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-4-12005

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC  20044-0663*

*Telephone (202) 305-0492*
*Facsimile (202) 305-0274*

April 16, 2007

***Via E-mail***

Ingo Sprie, Jr.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

      Re:    Greater Yellowstone Coalition v. Kempthorne, 07-cv-2111 (EGS)
             National Parks Conservation Ass'n v. U.S. Dept of the Interior, 07-cv-2112
(EGS)

Dear Mr. Sprie:

      This responds to your April 10, 2008 letter regarding the administrative record in the above-captioned cases. You requested that we provide you with a detailed privilege log of the documents for which the government is claiming the attorney-client privilege or the work product doctrine. In the interest of resolving any disputes between the parties without unnecessary motions practice, we have attached a log providing additional information for those documents. In response to your specific inquiry, we also have identified the job titles of persons named in the log and identified the persons who are attorneys.

      You also requested that the government clarify whether the administrative record contains additional documents that were not listed on the index filed with the Court. To our knowledge, no documents that are part of the administrative record have been omitted from the index. In the event that we discover any documents that have been inadvertently omitted, we will notify you and provide them forthwith. However, as you note and as I indicated in my letter of April 8, certain documents containing deliberative material were *excluded* from the administrative record and therefore not included on the index. These documents are not part of the administrative record and were appropriately excluded from the administrative record under applicable law.

      As stated in my prior letter, the deliberative materials are comprised of communications between officials at the National Park Service, Department of the Interior, and officials at the Office of Management and Budget ("OMB"), and other Executive Branch officials regarding NPS's winter use plan for Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks"). Among these documents are internal e-mails, memoranda, briefing materials, draft documents, and comments regarding NPS's proposed rule for winter use of the Parks, draft and final environmental impacts statement, the record of decision, and the final rule, which issued on December 13, 2007.

      As the courts have recognized, an agency may omit documents containing the internal deliberations of the agency from the administrative record compiled for purposes of judicial review of agency action under the Administrative Procedure Act. Judicial review of a decision

by an administrative agency should be based on the reasons given by the agency and the information considered by the agency in the course of making the decision, not on the agency's internal decisionmaking process. See In re Subpoena Duces Tecum, 156 F.3d 1279, 1279 (D.C. Cir. 1998) ("Agency deliberations not part of the record are deemed immaterial."); San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1324 (D.C. Cir. 1984). Specifically, interagency comments on a proposed decision or rule are appropriately excluded from an administrative record. State of New Mexico v. EPA, 114 F.3d 290, 295 (D.C. Cir. 1997) (portions of EPA memorandum regarding meetings with OMB and the Department of Energy were appropriately excluded from the record).

The types of documents that constitute deliberative materials are internal intra-agency and interagency e-mails, memoranda, drafts, and other documents containing internal deliberations. See, e.g., Tafas v. Dudas, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008) (finding that intra-agency e-mail, correspondence, summaries, and drafts reflecting initial formulations of a rule or internal struggles were properly excluded from the record as deliberative material); Blue Ocean Inst. v. Gutierrez, 503 F. Supp. 2d 366, 368, 372 (D.D.C. 2007) (holding that internal "reports, minutes, meeting notes, emails, and records of telephone conversations" reflecting internal deliberations were appropriately excluded from the record).

Moreover, the government is under no duty to provide a log or index of material that has been excluded from an administrative record on the basis that it is deliberative. See Tafas, 530 F. Supp. 2d at 801-02; Blue Ocean, 503 F. Supp. 2d at 372; Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7, 13 (D.D.C. 2001). The government is not required to catalog all potential deliberative material that could have been included in the administrative record and claim the deliberative process privilege for each of those documents. "Creating such a new burden on the agency, the parties and the court by forcing production of even a limited number of interagency deliberative documents requires a clear command from the court of appeals, particularly in light of the unequivocal statement by the court [of appeals] that such materials are not a part of the administrative record when an agency decision is challenged as arbitrary and capricious." Blue Ocean, 503 F. Supp. 2d at 372.

Accordingly, the Federal Defendants believe that it should not be necessary to provide the Plaintiffs with a log of the materials excluded from the record as deliberative material. If you disagree or have any further questions regarding this or any other issues, please do not hesitate to contact me.

Sincerely,

/s/ *Luther L. Hajek*

Luther L. Hajek
Trial Attorney
Department of Justice
Environment and Natural Resources Division

Enclosure

c: Robert D. Rosenbaum (Arnold & Porter)
  Meetu Kaul (Arnold & Porter)
  Douglas L. Honnold (EarthJustice)
  Sean M. Helle (EarthJustice)

# ARNOLD & PORTER LLP

**Ingo W. Sprie, Jr.**
Ingo_Sprie@aporter.com

212.715.1124
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

April 23, 2008

**By Electronic Mail**

Luther L. Hajek, Esq.
United States Department of Justice
Environmental Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

> **Re:** ***National Parks Conservation Association v. United States
> Department Of The Interior*, Case No. 1:07-cv-02112 (D.D.C.)**

Dear Luke:

This responds to your April 16, 2008 letter. As we read your letter, the government contends that documents it characterizes as "deliberative material" are not part of the administrative record and the government can therefore unilaterally withhold those documents without supplying plaintiff any information about them. We disagree.

The government has an obligation to produce the "whole record" that was before the relevant agency at the time the agency made the challenged decision. *See Citizens to Preserve Overon Park v. Volpe*, 401 U.S. 402, 420 (1971) (review to be based on the "full administrative record"). The "whole record" includes everything that was before the agency pertaining to its decision, including all information that is contrary to the agency's position. *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989). To withhold any such materials, the government must demonstrate that they are privileged.

The government's contention that "deliberative material" is not part of the administrative record is inconsistent with *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998). In that case, the court said that the government can claim deliberative process privilege in an action challenging an agency's action as arbitrary and capricious under the Administrative Procedure Act. *Id.* The fact that the court framed the issue as one of applying "privilege," rather than as an issue of whether such documents are part of the record in the first instance, indicates that deliberative materials are part of the record. If such

# ARNOLD & PORTER LLP

Luther L. Hajek, Esq.
April 23, 2008
Page 2

materials were not part of the record, the court would have had no need to address the issue of privilege.[1]

Thus, several courts have held that the government must identify deliberative materials or have evaluated whether the government may withhold deliberative materials pursuant to deliberative process privilege based on information provided about the materials. *See, e.g., Modesto Irrigation District v. Gutierrez*, No. 1:06-CV-00453, 2007 WL 763370, at *5-7 (E.D. Cal. Mar. 9, 2007) (evaluating availability of privilege based on information supplied in government affidavit); *California ex rel. Lockyer v. United States Dep't of Agriculture*, Nos. C05-03508, C05-04038, 2006 WL 708914, at *4 (N.D. Cal. Mar. 16, 2006) ("If Defendants withhold any documents from the record based on [deliberative process] privilege, they shall also provide a privilege log . . . "); *Center For Biological Diversity v. Norton*, No. Civ 01-409, 2002 WL 32136200, at *2-3 (D. Ariz July 24, 2002) (discussing standards for invoking deliberative process privilege and reviewing allegedly privileged documents appearing on the government's privilege log).

In the District of Columbia Circuit, to claim deliberative process privilege, the government must submit an affidavit or declaration by an agency head (or and appropriate delegate) that (1) makes "a formal claim of privilege," (2) asserts privilege "based on actual personal consideration by that official," and (3) provides "a detailed specification of the information for which the privilege is claimed, with an explanation of why it properly falls within the scope of privilege." *See Landry v. Federal Deposit Insurance Corp.*, 204 F.3d 1125, 1135 (D.C. Cir.), *cert. denied*, 531 U.S. 924 (2000). Plaintiff is entitled to this information so that it can determine for itself whether the government is properly claiming privilege.

In addition, some of the information that the government is required to provide is independently relevant. Plaintiff has reason to believe that political officials outside of the National Park Service were involved in making the decision regarding the Winter Use Plan and that the decision is therefore not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The government's

---

[1]     The suggestion in *Tafas v. Dudas*, 530 F. Supp 2d 786, 796-97 (E.D. Va. 2008), and *Blue Ocean Institute v. Guitierrez*, 503 F. Supp. 2d 366, 372 (D.D.C. 2007), that the government can exclude deliberative material from the administrative record without justifying its claim of deliberative process privilege is inconsistent with *In re Subpoena Duces Tecum.*

# ARNOLD & PORTER LLP

Luther L. Hajek, Esq.
April 23, 2008
Page 3

identification of persons involved in the deliberations will provide evidence directly relevant to this issue.

For these reasons, we ask that the government reconsider its refusal to provide information concerning the documents it has withheld based on the ground that they are "deliberative." We would like to meet and confer with respect to these issues. Please let us know when you will be available.

Sincerely yours,

Ingo W. Sprie, Jr.

cc: Robert Rosenbaum, Esq.
    Sean Helle, Esq.



# United States Department of the Interior

NATIONAL PARK SERVICE
PO Box 168
Yellowstone National Park
Wyoming 82190

IN REPLY REFER TO:

A7221(YELL)                    CERTIFIED

April 30, 2008

Mr. Sean M. Helle
Earthjustice
209 South Willson Avenue
Bozeman, Montana 59715

Dear Mr. Helle:

This letter is in response to your Freedom of Information Act (FOIA) requests dated December 18, 2007, and December 20, 2007, received in this office on December 31, 2007, in which you requested:

> "Any and all records, documents and/or correspondence that memorialize or refer or relate to communications between Interior Department officials or staff whose principal offices are in Washington, D.C. (or other federal officials or staff whose principal offices are in Washington, D.C.), and officials or staff of the National Park Service concerning the development of the Draft Environmental Impact Statement (March 2007), Final Environmental Impact Statement (September 2007), Record of Decision (November 2007), and/or Final Rule (December 2007) addressing winter use in Yellowstone and Grand Teton National Parks and the John D. Rockefeller, Jr. Memorial Parkway ("Parks")," *(followed by a list of individuals),*

and

> "Any and all records, documents and/or correspondence that memorialize or refer or relate to communications between (a) officials or staff of the Department of the Interior or the National Park Service, and (b) officials or staff of the Council on Environmental Quality or the Office of Management and Budget, or other federal agency officials or staff located in Washington, D.C., concerning the development of the Draft Environmental Impact Statement (March 2007), Final Environmental Impact Statement (September 2007), Record of Decision (November 2007), and/or Final Rule (December 2007) addressing winter use in Yellowstone and Grand Teton National Parks and the John D. Rockefeller, Jr. Memorial Parkway ("Parks")."

It is the policy of the National Park Service (NPS) to: (1) make records of the NPS available to the public to the greatest extent possible in keeping with the spirit of the FOIA; (2) make documents requested under the FOIA available at the earliest possible date while, at the same time, protecting the rights of the individuals involved and the administrative processes surrounding such rights; and (3) withhold documents falling within one of the FOIA exemptions only if disclosure is prohibited by statute or Executive Order (EO).

Your request is being processed under the provisions of the Freedom of Information Act (5 United States Code 552); United States Department of the Interior ("Department") implementing regulations found at 43 Code of Federal Regulations Part 2, Subparts A through E, beginning at 2.1; and the Privacy Act of 1974 (5 United Stated Code 552a).  Please be advised that additional FOIA and/or Privacy Act guidance/regulations may also be found at either the Department's web site, www.doi.gov/foia, or the United States Department of Justice web site, www.usdoj.gov.

Your requests have been combined for administrative purposes and assigned FOIA control number YELL 07-23.

Five CDs containing the "2007 Winter Use Plans EIS/Rule Administrative Record for Yellowstone and Grand Teton National Parks" are being released in their entirety.

Fee waivers are determined on a case-by-case basis.  We have waived all fees associated in responding to this request.  If you have questions concerning this FOIA response, please contact me at (307) 344-2003.  Thank you for your interest in Yellowstone National Park.

Sincerely,

Kerrie Evans

Kerrie Evans
Freedom of Information Act Coordinator

Enclosures

cc:
Jack O'Brian, IMR FOIA Officer

```
┌─────────────────────────────────────────────────┐
│ ║                   Perfect.                    ║ │
│ ║                                               ║ │
│ ║   To copy usdjguid.wpd to your hard disk , click here. ║ │
└─────────────────────────────────────────────────┘
```

**U.S. Department of Justice**
**Environment and Natural Resources Division**

Dated:  January 1999

Guidance to Federal Agencies on Compiling

The Administrative Record

Introduction

Under the Administrative Procedure Act (APA), a court reviews an agency's action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2) (A).  In making this determination, a court evaluates the agency's whole administrative record. The administrative record is the paper trail that documents the agency's decision-making process and the basis for the agency's decision.

The APA governs judicial review of a challenged agency decision. However, several statutes specify what documents and materials constitute an administrative record, e.g., 42 U.S.C. § 7607(d)(7)(A) (provision states what materials will constitute the record for the purpose of judicial review of certain enumerated types of rulemaking issued under the Clean Air Act); 42 U.S. C. § 9613(j) and (k) (CERCLA). At the outset, be sure to determine whether a statute other than the APA applies in the case. In addition, regulations may govern how to assemble a record. See, e.g. , 40 C.F.R. 300.800 -300.825 (CERCLA); 40 C.F.R. Part 24 (RCRA Corrective Action). See also FRAP Rules 16 and 17 (record on review or enforcement and filing of the record).

The purpose of this memorandum is to provide guidance to agencies in compiling the administrative record of agency decisions other than a formal rulemaking or an administrative adjudication. Optimally, an agency will compile the administrative record as documents and materials are generated or received in the course of the agency decision-making process. The record may be a contemporaneous record of the action. However, the administrative record may be compiled by the agency after litigation has been initiated. An agency employee should be designated to be responsible for compiling the administrative record. That individual will be responsible for certifying the administrative record to the court. S/he may keep a record of where s/he searched for the documents and materials and who was consulted in the process of compiling the administrative record.

It is critical for the agency to take great care in compiling a complete administrative record. If the agency fails to compile the whole administrative record, it may significantly impact our ability to defend and the court's ability to review a challenged agency decision.

**1.    General Principles for Compiling the Administrative Record**

The administrative record consists of all documents and materials directly or indirectly

considered by the agency decision maker in making the challenged decision. It is not limited to documents and materials relevant only to the merits of the agency's decision. It includes documents and materials relevant to the process of making the agency's decision.

* Include documents and materials whether they support or do not support the final agency decision.

* Include documents and materials which were before or available to the decision-making office at the time the decision was made.

* Include documents and materials that were considered by or relied upon by the agency.

* Include documents and materials that were before the agency at the time of the challenged decision, even if they were not specifically considered by the final agency decision-maker.

* Include privileged and non-privileged documents and materials. (See section 4).

## 2.    Where To Find The Documents and Materials That Comprise The Administrative Record

The agency should identify an agency employee to be responsible for compiling the administrative record. The identified agency person should be responsible, careful, and prepared to provide an affidavit. S/he should keep a record of where s/he searched for documents and who was consulted in the process. S/he should conduct a thorough search for the purpose of compiling the whole record, including the following:

* Contact all agency people, including program personnel and attorneys, involved in the final agency action and ask them to search their files and agency files for documents and materials related to the final agency action. Include agency people in field offices.

* Contact agency units other than program personnel, such as congressional and correspondence components.

* Where personnel involved in the final agency action are no longer employed by the agency, search the archives for documents and materials related to the final agency action. A former employee may be contacted for guidance as to where to search.

* Determine whether there are agency files relating to the final agency action. If there are such files, search those files.

* If more than one agency was involved in the decision- making process, the lead agency should contact the other agencies to be sure the record contains all the documents and materials that were considered or relied on by the lead agency.

\* Search a public docket room to determine whether there are relevant
documents or materials.

## 3 .    What Documents and Materials To Include In The Administrative Record

a)    Types of materials:

\* Documents that are to be included in the administrative record
should not be limited to paper but should include other means of
communication or ways of storing or presenting information,
including e-mail, computer tapes and discs, microfilm and
microfiche. See 36 C.F.R. Chapter XII, subchapter B (electronic
records). The term should include data files, graphs, charts and
handwritten notes. Do not include personal notes, meaning an
individual's notes taken at a meeting or journals maintained by an
individual, unless they are included in an agency file. An agency file
is determined by agency control, possession and maintenance.

b)    Kinds of Information:

\* Include all documents and materials prepared, reviewed, or received by
agency personnel and used by or available to the decision-maker, even
though the final decision-maker did not actually review or know about the
documents and materials.

\* Include policies, guidelines, directives and manuals.

\* Include articles and books. Be sensitive to copyright laws governing
duplication.

\* Include factual information or data.

\* Include communications the agency received from other agencies and from
the public, and any responses to those communications. Be aware that
documents concerning meetings between an agency and OMB should be
included but may qualify, either partially or fully, for the deliberative
process privilege.

\* Include documents and materials that contain information that support or
oppose the challenged agency decision.

\* Exclude documents and materials that were not inexistence at the time of
the agency decision.

\* As a general rule, do not include internal "working" drafts of documents
that were or were not superseded by a more complete, edited version of the
same document. Generally, include all draft documents that were circulated
for comment either outside the agency or outside the author's immediate
office, if changes in these documents reflect significant input into the
decision-making process. Drafts, excluding "working" drafts, should be

flagged for advice from the DOJ attorney or the Assistant United States Attorney (AUSA) on whether: 1) the draft was not an internal "working" draft; and 2) the draft reflects significant input into the decision-making process.

* Include technical information, sampling results, survey information, engineering reports or studies.

* Include decision documents.

* Include minutes of meetings or transcripts thereof.

* Include memorializations of telephone conversations and meetings, such as a memorandum or handwritten notes, unless they are personal notes.

## 4.    How To Handle Privileged Documents and Materials

Generally, the administrative record includes privileged documents and materials and documents and materials that contain protected information. However, once the record is compiled privileged or protected documents and materials are redacted or removed from the record.

The agency should consult with the agency counsel and the DOJ attorney or the AUSA as to the type and the extent of the privilege(s) asserted. Be sensitive to the relevant privileges and prohibitions against disclosure, including, but not limited to, attorney-client, attorney work product, Privacy Act, deliberative or mental processes, executive, and confidential business information.

If documents and materials are determined to be privileged or protected, the index of record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld.

## 5. How to Organize the Administrative Record

* Organize the documents and materials in a logical and accessible way.

* Organize the documents and materials in chronological order and/or by topic.

* Documents and materials that do not fit into a chronological order may be separated by category, e.g., internal policies, guidelines or manuals.

* After a DOJ attorney or an AUSA has had the opportunity to review the administrative record for completeness and organization, it may be useful to bates stamp or to number each item. A DOJ attorney or an AUSA may review the documents and materials the agency decided were not contained in the administrative record.

* Prepare an index to the administrative record.

* Index should identify each document and material by the bates stamp number or document number and a brief description of the document or material, e.g., "memorandum dated June 5, 1997 from Mary Smith to EPA Administrator Jones regarding June 6, 1997 meeting agenda." If a document or material is being withheld based on a privilege or prohibition, state the privilege or prohibition.

* The agency must certify the administrative record.[1] Certificate language should reflect how the agency person who was responsible for compiling the record has personal knowledge of the assembly of the administrative record. Attached are sample certificates. Neither a DOJ attorney nor an AUSA should certify the record to avoid having them be a possible witness in the case.

* The DOJ attorney or the AUSA must consult the local rules of the court in which the matter is pending to determine how to file the administrative record with the court. If the local rules are silent on this issue, the DOJ attorney or the AUSA can address the issue with the parties and the court. For example, it may be appropriate to file only the index with the court and to provide the parties with copies of the index and the opportunity to review the record or to file the parts of the record that the parties will rely on as grounds for their motions for summary judgment. The U.S. Attorney's Office in the jurisdiction in which the matter is pending should always be consulted.

---

[1] If the agency fails to certify the record, the government may not be able to file a motion for summary judgment.

---

## 6. Important For Court To Have The Whole Administrative Record

* A court reviews the agency action based on the whole administrative record before the agency at the time the decision was made.

* The whole administrative record allows the court to determine whether the agency's decision complied with the appropriate APA standard of review.

* All agency findings and conclusion and the basis must appear in the record.

The administrative record is the agency's evidence that its decision and its decision-making comply with relevant statutory and regulatory requirements.

* A court may remand the matter where the agency's reasoning for its decision is not contained in the administrative record,

## 7. Consequences of Incomplete Administrative Record

* If record is incomplete, government may be permitted to complete the record but, by doing so, you also may raise questions about the

completeness of the entire record.

* If the court decides the record is not complete, it should remand the matter to the agency. However, it may allow extra-record discovery, including depositions of agency personnel, and may allow court testimony of agency personnel.

* Generally, although it may vary from circuit to circuit, courts will allow discovery when a party has proffered sufficient evidence suggesting:

  -- bad faith;

  -- improprieties may have influenced the decision-maker; or

  -- agency relied on substantial materials not included in the record.

  A party must make a strong showing that one of these exceptions applies before a court will allow extra-record inquiry.

## 8. Supplementation of the record

* When the administrative record fails to explain the agency's action, effectively frustrating judicial review, the court may allow the agency to supplement the record with affidavits or testimony.

* Be aware once the government supplements with affidavits or testimony, opposing party might depose your witnesses and/or submit additional affidavits or testimony.

* Be aware if agency counsel becomes a potential witness, it may be appropriate to screen the agency counsel from participation in the litigation. ABA Model Rule of Professional Responsibility 3.7.

### Conclusion

When an agency must defend a final agency action before a court, it should take great care in preparing the administrative record for that decision. It is worth the effort and may avoid unnecessary and/or unfortunate litigation issues later on.

This memorandum provides only internal Department of Justice guidance. It does not create any rights, substantive or procedural, which are enforceable at law by any party. No limitations are hereby placed on otherwise lawful prerogatives of the Department of Justice or any other federal agency.

Attachments

**For additional information regarding this Web page, contact Hope Grey, in the Division of Policy and Directives Management, at Krista_Holloway@fws.gov**

*14-day review draft. Send comments to Michael Shelton by no later than July 21, 2003.*

## DIRECTOR'S ORDER #88:  DOCUMENTS AND OTHER MATERIALS NEEDED FOR LITIGATION

**Approved:** _____
                        Director

**Effective Date:**

**Sunset Date:**

### Contents:

I.      What is the purpose of this Director's Order?
II.     Generally, what documents and other materials are needed for litigation?  Do they have a collective name?
III.    Why is this collection of materials known as the administrative record so important?
IV.     How does this Director's Order relate to Director's Order #19:  Records Management?
V.      When should the administrative record be compiled?
VI.     What should be included in the administrative record?
VII.    What types of materials other than paper documents should be included?
VIII.   What should not be included in the administrative record?
IX.     What should be done if there are questions as to whether an item(s) should be included?
X.      Who should compile the administrative record?
XI.     What about materials that may be privileged or otherwise subject to withholding?
XII.    How should the administrative record be organized?
XIII.   What is the authority for this Director's Order?

## I.  What is the purpose of this Director's Order?

The purpose of this Director's Order is to provide guidance and direction to NPS personnel who are called upon to compile documents and other materials associated with present or anticipated litigation.

## II.  Generally, what documents and other materials are needed for litigation?  Do they have a collective name?

When decisions of the National Park Service are challenged in court, the reviewing court looks to the "information trail" documenting the Service's decision-making process and the basis for

final agency action. These documents and other materials are known collectively as the *administrative record*. The administrative record should include all materials directly or indirectly considered by or available to NPS personnel involved in the decision-making process. Based on its review of the administrative record, the court will determine whether the NPS's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Administrative Procedure Act (APA), 5 USC 706(2)(A).

**III. Why is this collection of materials known as the administrative record so important?**

In the event of litigation, a Park Service employee will be designated to compile the administrative record for submission to the court. A thorough and complete administrative record is vitally important, as it allows the NPS to demonstrate to the court that the Service fully considered all relevant factors during the decision-making process. An incomplete record, on the other hand, can severely hamper the Service's ability to defend its decision by making it appear that the decision was not based on a well-reasoned consideration of all the important information. The requirement to provide an administrative record in the course of litigation comes from the APA (5 USC 551 et seq.).

**IV. How does this Director's Order relate to Director's Order #19: Records Management?**

The purpose of this Director's Order is very narrow – namely, as stated above, to provide guidance and direction to NPS personnel called upon to compile administrative records for purposes of present or anticipated litigation.

Director's Order #19: Records Management, and the Records Management Handbook, deal with the much broader topic of maintaining and providing access to *all* NPS records. "Records" are defined in the Federal Records Act of 1950 (44 USC 2101 et seq.) as

> all books, papers, maps, photographs, machine readable materials, or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.  (44 USC 3301)

Thus, virtually every item to be included in the administrative record pursuant to the APA will also be a "record" within the meaning of the Federal Records Act, and must be filed, stored and retained in accordance with the provisions of Director's Order #19 and the NPS Records Retention Schedule approved by the National Archives and Records Administration.

Good recordkeeping in accordance with Director's Order #19 is mandatory for all Park Service personnel. It will also greatly simplify compilation of an administrative record for litigation purposes. See section V below.

*14-day review draft.  Send comments to Michael Shelton by no later than July 21, 2003.*

## V.  When should the administrative record be compiled?

As mentioned in section IV above, good recordkeeping in accordance with Director's Order #19 is required of all NPS personnel, at all times.  In those instances where the Service knows or reasonably foresees that a decision will be controversial and/or is likely to result in litigation, it should not wait until a lawsuit is filed to begin collecting the materials that make up the administrative record.  Instead, for example, all relevant documents should be photocopied, and the photocopies collected and organized as the decision-making process unfolds.  This will help ensure that the record as finally compiled and submitted to the court is complete and accurate.  Even if such documents are not photocopied and collected, simply keeping a listing of them will be useful to whoever is ultimately called upon to compile the record.

## VI.  What should be included in the administrative record?

All employees who are involved in the decision-making process should anticipate the need for an administrative record and identify and safeguard all of the following materials (which, in the event of litigation, will be compiled by a designated employee):

- Documents and materials prepared, reviewed, or received by NPS personnel and used by or available to the decision-maker, even though the final decision-maker did not actually review or know about such materials;

- Communications the NPS received from other agencies and from the public, and any responses;

- Materials that may later be removed from the record as privileged or otherwise subject to withholding;

- Materials that favor alternatives to the NPS final decision, or express criticism of it.  Items should *never* be withheld simply because they reflect negatively on the decision that was made;

- Materials relating to both the substance and procedure of the decision-making;

- Minutes or transcripts of relevant meetings;

- Documentation of telephone calls and meetings, such as a memorandum to files or handwritten notes, unless they are personal notes (see below);

- Relevant NPS policy guidance documents, such as Management Policies (2001), Director's Orders, reference manuals, guidelines, special directives, etc.;

3

- Relevant scientific and technical information relied upon or available to the decision-maker, including reports, research papers, scholarly articles and studies; and

- Relevant magazine and newspaper articles and books, relied upon or available to the decision-maker.

## VII. What types of materials other than paper documents should be included?

The administrative record should *not* be limited to paper documents. Other means of communication or ways of storing or presenting information, such as computer discs, and microfilm and microfiche, should be included. Relevant e-mail correspondence should be stored in hard copy format with other pertinent documents as the correspondence progresses. Similarly, meetings and telephone calls during which options were weighed or decisions made should be documented by a memorandum to files, done as soon thereafter as possible for inclusion in the administrative record.

## VIII. What should not be included in the administrative record?

The administrative record should *not* include:

- Materials made after the decision;

- Materials associated with, but not part of, the decision-making process;

- Correspondence (including e-mail) in which the NPS action is discussed in a general way, but which does not reflect actual decision-making (e.g., communications between park staff whose work may be affected by the final decision but who are not themselves involved in the decision-making process);

- Various versions of a document, i.e., "working drafts," where the differences among the drafts reflect minor editing changes only. However, drafts with hand-written notes or changes from one version to the next which reflect the decision-making process should be included; and

- Personal notes kept in the individual's own files and not shared with others.

## IX. What should be done if there are questions as to whether an item(s) should be included?

Putting together a good administrative record is complicated, and questions almost always come up as to whether a particular item belongs in the record. Following the guidance in this Director's Order should help resolve many of those questions. Additional helpful information will be posted from time to time on the Office of Policy and Regulations webpage, at <http://www.nps.gov/policy>. As a general rule, it is better to err on the side of inclusion, rather

*14-day review draft. Send comments to Michael Shelton by no later than July 21, 2003.*

than exclusion. If questions about administrative record requirements in general or any item(s) in particular remain, however, personnel should contact the Office of the Solicitor (SOL) for assistance.

## X. Who should compile the administrative record?

As the decision-making process unfolds, NPS decision-makers themselves have lead responsibility to fully document their role in both the substance and procedure of the decision-making. Following the guidance of this Director's Order will be helpful in that regard. A decision-maker may designate another NPS employee to assist him/her in collecting and organizing the resulting documentation.

In the event of litigation, an employee will be selected to be responsible for compiling the administrative record. That individual should be responsible and careful, and must be prepared to provide an affidavit. The employee should keep a record as to (1) where he/she searched for materials, and (2) who was consulted in the process. In the course of conducting a thorough search, the employee should:

- Search any NPS files relating to the final decision;

- Contact all NPS program personnel involved in the final decision-making (including Washington and regional office personnel) and ask them to search the files under their control for any and all documents and other materials related to the Service's action;

- Contact any non-program personnel who might have been involved, e.g., in the Office of Policy and Regulations or Office of Legislative and Congressional Affairs;

- Search archives for documents and materials related to the final NPS decision if personnel involved in that decision are no longer with the NPS. Former employees may be contacted for guidance as to where to search;

- Contact any contractors that may have been involved, and ask them to search their files for all materials related to the Service's action; and

- Contact any other agencies that may have been involved in the decision-making process to be sure the record contains all the documents relied on by the NPS.

## XI. What about materials that may be privileged or otherwise subject to withholding?

Privileged information is excluded from evidence because its disclosure would be harmful to a principle or relationship that society deems worthy of protection. For example, privileged status is accorded to confidential communications between attorney and client, physician and patient, etc. An administrative record file generally includes materials that will be withheld on the basis

5

of privilege. In the context of Federal agencies, permissible privileges include, but are not limited to, attorney-client, attorney work product, deliberative or mental processes, and executive. In addition, some statutes direct agencies to withhold sensitive information. Such statutes include the Archaeological Resources Protection Act of 1979 (ARPA), 16 USC 470aa—470mm; the Native American Graves Protection and Repatriation Act (NAGPRA), 25 USC-3001—3013; and the Privacy Act of 1974, 5 USC 552(b). In the event of litigation, such privileged or sensitive items will be removed or redacted. Nonetheless, the index of record will need to identify such items, state that they are being withheld, and give the basis for the withholding. SOL must review an administrative record for privilege before it is forwarded to the Department of Justice (DOJ) or any party to the litigation.

## XII.  How should the administrative record be organized?

Organize the materials in chronological order and/or by topic. Materials that do not fit together in chronological order may be separated by category, e.g., internal NPS policies, communications from the public, etc.

In the event of litigation, an attorney from SOL or DOJ should be given the opportunity to review the record for privilege, completeness and organization. The SOL or DOJ attorney may want to review documents and materials the NPS decided not to include in the administrative record. Once such reviews are completed,

- It is generally useful to stamp or number each item.

- A final index to the administrative record should be prepared. The index should identify each document by item number, and a brief description, e.g., "Minutes dated December 10, 1998 documenting November 30, 1998 public meeting." If an item is being withheld on the basis of privilege or prohibition against disclosure, the index should state the privilege or prohibition.

- *The NPS employee charged with compiling the administrative record must certify it.*  If the record is not certified, it cannot be filed with the court. The language of the certificate should state how the employee has personal knowledge of the assembly of the record. Sample certificates are available from SOL and/or DOJ.

- The DOJ attorney or an Assistant United States Attorney will determine how to file the administrative record with the court.

## XIII.  What is the authority for this Director's Order?

Authority to issue this Director's Order is contained in the National Park Service Organic Act (16 USC 1 – 4), and delegations of authority found in Part 245 of the Department of the Interior Manual (DM).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 07-2111 (EGS) |
| v. | ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| DIRK KEMPTHORNE, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 07-2112 (EGS) |
| v. | ) ) | [Hearing on Motion for Summary Judgment on August 27, 2008] |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER

Having considered plaintiffs' motion to compel defendants to produce a privilege log for documents that defendants have withheld from the administrative record on the ground that they purportedly are covered by deliberative process privilege, it is hereby ORDERED that the motion is GRANTED.

1. Defendants will provide plaintiffs with a privilege log within five days of the date of this order identifying each document defendants have withheld from the administrative record on the ground that it purportedly is covered by deliberative process privilege.

2.  The privilege log is to specify for each document: (a) the date of the document, (b) the authors, addressees, and recipients of the document and the position held by each such person, (c) any persons (in addition to the authors, addressees, and recipients of the document) involved in the deliberations referred to in the document, and (d) a description of the information claimed privileged and explanation of why that information allegedly is privileged.

SO ORDERED.

_____
EMMET G. SULLIVAN
United States District Judge

Dated:  May __, 2008