William P. Horn (DC Bar No. 375666)
David E. Lampp (DC Bar No. 480215)
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC  20036
Telephone:  (202) 659-5800
Facsimile:  (202) 659-1027

*Attorneys for Defendant Intervenors*
*International Snowmobile Manufacturer's Association,*
*American Council of Snowmobile Associations,*
*BlueRibbon Coalition, Inc., and Teri Manning*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
GREATER YELLOWSTONE COALITION, et al. )
                                    )
    Plaintiffs,                   )
                                    )
    v.                             )    Case No. 1:07-cv-02111 (EGS)
                                    )
KEMPTHORNE, et al.                  )    [HEARING ON MOTIONS FOR
                                    )    SUMMARY JUDGMENT ON
    Defendants,                    )    AUGUST 27, 2008]
                                    )
    and                            )
                                    )
THE INTERNATIONAL SNOWMOBILE        )
    MANUFACTURER'S ASSOCIATION,    )
    et al.                         )
                                    )
    Defendant-Intervenors.         )
_____)
_____
                                    )
NATIONAL PARKS CONSERVATION         )
    ASSOCIATION,                   )
                                    )
    Plaintiff,                     )
                                    )
    v.                             )    Case No. 1:07-cv-02112 (EGS)
                                    )
UNITED STATES DEPARTMENT OF         )    [HEARING ON MOTIONS FOR
    INTERIOR, et al.               )    SUMMARY JUDGMENT ON
                                    )    AUGUST 27, 2008]
    Defendants,                    )

|  |  |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| THE INTERNATIONAL SNOWMOBILE MANUFACTURER'S ASSOCIATION, et al. | ) ) ) |
|  | ) |
| Defendant-Intervenors. | ) |
|  | ) |

**DEFENDANT INTERVENORS' ANSWER TO PLAINTIFF
GREATER YELLOWSTONE COALITION'S FIRST AMENDED AND
SUPPLEMENTED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Intervenors the International Snowmobile Manufacturer's Association ("ISMA"), American Council of Snowmobile Associations ("ACSA"), BlueRibbon Coalition, Inc. ("BRC"), and individual Teri Manning (collectively, the "Intervenors"), by and through counsel, hereby answer Plaintiff Greater Yellowstone Coalition's First Amended and Supplemented Complaint for Declaratory and Injunctive Relief (ECF Doc. No. 11-3) (the "Amended Complaint"), filed January 11, 2008, in light of the Court's April 24, 2008 Memorandum Order (ECF Docs. Nos. 38, 39) granting in part Defendant Intervenors' Motion to Intervene (ECF Doc. No. 24).

Unless specifically stated otherwise, the numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiffs' Amended Complaint. To the extent an allegation by Plaintiffs is unanswered, Defendant Intervenors deny each such allegation.

**INTERVENORS' ANSWER**

1. Plaintiffs' ¶ 1 contains Plaintiffs' characterization of their claims and legal conclusions, to which no response is required. To the extent a response is required Intervenors deny the allegations in ¶ 1.

2. Intervenors have insufficient knowledge to either admit or deny the allegations in ¶ 2, and, on information and belief, admit them.

3. Intervenors have insufficient knowledge to either admit or deny the allegations in ¶ 3, and, on information and belief, admit them.

4. Intervenors have insufficient knowledge to either admit or deny the allegations in ¶ 4, and, on information and belief, admit them.

5. Intervenors have insufficient knowledge to either admit or deny the allegations in ¶ 5, and, on information and belief, admit them.

6. Intervenors have insufficient knowledge to either admit or deny the allegations in ¶ 6, and, on information and belief, admit them.

7. Intervenors have insufficient knowledge to either admit or deny the allegations in the first two sentences of ¶ 7, and, on information and belief, admit them. The third and fourth sentences of ¶ 7 are denied. The fifth sentence of ¶ 7 constitutes a legal conclusion to which no response is required.

8. Admit.

9. Admit.

10. Admit.

## Jurisdiction and Venue

11. Plaintiffs' ¶ 11 constitute Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. In addition, ¶ 11 characterizes statutes that speak for themselves.

12. The allegations in ¶ 12 constitute legal conclusions, to which no response is required.

13. The allegations in ¶ 13 constitute legal conclusions, to which no response is required.

## The Legal Framework

14. The allegations in ¶ 14 constitute legal conclusions, to which no response is required. Furthermore, ¶ 14 contains characterizations of statutes, regulations, executive orders, and agency policies that speak for themselves.

15. Admit the first sentence of ¶ 15. The second that third sentences of ¶ 15 contain quotations and/or characterizations of statutes that speak for themselves.

16. The allegations in the first sentence of ¶ 16 constitute statements of opinion to which no response is required. The remaining allegations in ¶ 16 characterize and/or quote documents that speak for themselves.

17. Admit that the National Park Service Organic Act of 1916 established the National Park System. All other allegations in ¶ 17 constitute characterizations or quotations of statutes that speak for themselves.

18. The allegations in ¶ 18 characterize and/or quote documents that speak for themselves.

19. The allegations in ¶ 19 characterize and/or quote documents that speak for themselves.

20. The allegations in ¶ 20 characterize and/or quote documents that speak for themselves.

21. The allegations in ¶ 21 characterize and/or quote documents that speak for themselves.

## Factual Background

22. The first sentence of ¶ 22 constitutes a legal conclusion to which no response is required. The second sentence is admitted in part and denied in part. Admit that the Park Service has allowed snowmobiles into Yellowstone National Park for years, and deny the remaining allegations in the second sentence of ¶ 22.

### *Snowmobile Use in Yellowstone*

23. Admit the first sentence of ¶ 23. The second sentence of ¶ 23 is admitted to the extent that snowmobile usage increased during the 1970's and 1980's, and denied in all other respects. Admit the third sentence of ¶ 23.

24. Admit.

25. The allegations in ¶ 25 characterize and/or quote documents that speak for themselves.

### *The 2001 Decision to Phase Out Snowmobile Use*

26. Intervenors have insufficient knowledge to either admit or deny the first sentence of ¶ 26 and, on information and belief, admit it. The remainder of ¶ 26 characterizes documents that speak for themselves.

27. The allegations in ¶ 27 characterize and/or quote documents that speak for themselves.

28. The allegations in ¶ 28 characterize documents that speak for themselves.

29. The allegations in ¶ 29 characterize and/or quote documents that speak for themselves.

30. The allegations in ¶ 30 characterize documents that speak for themselves.

31. Admit that GYC and others challenged the 2003 Record of Decision. The remaining allegations in ¶ 31 characterize documents, including pleadings filed in the course of prior judicial proceedings, that speak for themselves.

32. The allegations in ¶ 32 characterize and/or quote documents that speak for themselves.

33. The allegations in ¶ 33 characterize documents that speak for themselves.

*Litigation Over the Original 2001 Snowmobile Phase-Out*

34. The allegations in ¶ 34 characterize documents that speak for themselves.

35. The allegations in ¶ 35 characterize documents that speak for themselves.

36. The allegations in ¶ 36 characterize documents that speak for themselves.

37. Admit that the 2004 Rule authorized up to 720 snowmobiles per day in Yellowstone National Park. Intervenors have insufficient knowledge to either admit or deny the remaining allegations in the first sentence of ¶ 37. Deny the second sentence of ¶ 37. Admit the third sentence of ¶ 37.

38. Admit that the Park Service released a draft environmental impact statement for a new winter use plan in March 2007. The remaining allegations in ¶ 38 characterize documents that speak for themselves.

39. Intervenors have insufficient knowledge to either admit or deny the allegations in the first sentence of ¶ 39. The remaining allegations in ¶ 39 characterize documents that speak for themselves.

40. The allegations in ¶ 40 characterize and/or quote documents that speak for themselves.

41. The allegations in ¶ 41 characterize and/or quote documents that speak for themselves.

### First Cause of Action: Violation of the National Park Service Organic Act

42. No response required.

43. The allegations in ¶ 43 characterize and/or quote documents that speak for themselves, or constitute legal conclusions to which no response is required.

44. The third sentence of ¶ 44 characterizes documents that speak for themselves. Deny the remaining allegations in ¶ 44, except for the last sentence. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs. Deny the remaining allegations in the last sentence of ¶ 44.

### Second Cause of Action: Violation of Governing Executive Orders

45. No response required.

46. The allegations in ¶ 46 characterize and/or quote documents that speak for themselves.

47. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs. Deny the remaining allegations in ¶ 47.

### Third Cause of Action: Violation of Park Service Regulations

48. No response required.

49. The allegations in ¶ 49 characterize and/or quote documents that speak for themselves.

50. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs. Deny the remaining allegations in ¶ 50.

### Fourth Cause of Action:  Violation of NEPA

51. No response required.

52. The allegations in ¶ 52 characterize and/or quote documents that speak for themselves.

53. Deny.

54. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs.  Deny the remaining allegations in ¶ 54.

### Fifth Cause of Action:  Violation of NEPA

55. No response required.

56. Deny the first sentence of ¶ 56.  The remaining allegations in ¶ 56 characterize and/or quote documents that speak for themselves.

57. The allegations in ¶ 57 characterize and/or quote documents that speak for themselves.  To the extent a further response is required, Intervenors deny the allegations in ¶ 57.

58. Deny.

59. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs.  Deny the remaining allegations in ¶ 59.

### Sixth Cause of Action:  Violation of NEPA

60. No response required.

61. The allegations in ¶ 61 characterize and/or quote documents that speak for themselves.  To the extent a further response is required, Intervenors deny the allegations in ¶ 61.

62. Deny the first two sentences of ¶ 62. Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs.  Deny the remaining allegations in the last sentence of ¶ 62.

### Seventh Cause of Action:  Violation of NEPA

63.	No response required.

64.	The allegations in ¶ 64 characterize and/or quote documents that speak for themselves.  To the extent a further response is required, Intervenors deny the allegations in ¶ 64.

65.	The allegations in ¶ 65 characterize and/or quote documents that speak for themselves.  To the extent a further response is required, Intervenors deny the allegations in ¶ 65.

66.	Deny that the rule is arbitrary, capricious, an abuse of discretion, and contrary to law for the reasons alleged by Plaintiffs.  Deny the remaining allegations in ¶ 66.

### Eighth Cause of Action:  Unexplained Departure

67.	No response required.

68.	The allegations in ¶ 68 characterize documents that speak for themselves.

### Request for Relief

No response to Plaintiffs' Request for Relief is required.  To the extent a response is required, Intervenors deny that Plaintiffs are entitled to the relief they seek.


Submitted this 6th day of May, 2008.

BIRCH HORTON BITTNER & CHEROT, P.C.

Respectfully submitted,

/s/ William P. Horn
William P. Horn (D.C. Bar No. 375666)
David E. Lampp (D.C. Bar No. 480215)
Birch Horton Bittner & Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC  20036
Telephone:  (202) 659-5800
Facsimile:  (202) 659-1027
whorn@dc.bhb.com; dlampp@dc.bhb.com

*Attorneys for Defendant and Cross-Claim Plaintiff Intervenors International Snowmobile Manufacturers Association, American Council of Snowmobile Associations, BlueRibbon Coalition, Inc., and Teri Manning*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of May, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means. I further certify that I caused correct copies of the foregoing to be served by placing the same in the U.S. first class mail, postage prepaid, addressed as follows:

Barry A. Weiner
Guillermo A. Montero
Luther L. Hajek
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC  20044

David S. Baron
Earthjustice
1625 Massachusetts Ave., NW, Suite 702
Washington, DC  20036

Douglas L. Honnold
Sean M. Helle
Earthjustice
209 South Willson Ave.
Bozeman, MT  51715

                                                   /s/ David E. Lampp
                                                  David E. Lampp