IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ———————————————— ) | | |
| GREATER YELLOWSTONE COALITION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-cv-2111 (EGS) |
| DIRK KEMPTHORNE, et al., | ) ) ) | [Hearing on Motions for Summary Judgment on August 27, 2008] |
| Defendants. | ) ) | |
| ———————————————— ) | | |

| | | |
|---|---|---|
| ———————————————— ) | | |
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-cv-2112 (EGS) |
| UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE | ) ) ) ) | [Hearing on Motions for Summary Judgment on August 27, 2008] |
| Defendants. | ) ) | |
| ———————————————— ) | | |

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE A PRIVILEGE LOG FOR DOCUMENTS WITHHELD AS "DELIBERATIVE"

TABLE OF CONTENTS

PAGE

I.     INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.    Federal Defendants Appropriately Excluded Deliberative Material from the
             Administrative Record  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

             1.    Deliberative Material May Be Excluded from An Agency Record  . . . . . 3

             2.    Comments of OMB, CEQ and Other Agencies on the Winter Use Rule
                   Were Properly Excluded from the Record as Deliberative Material   . . . . 6

       B.    Federal Defendants Are Not Required to Provide a Privilege Log of Deliberative
             Material That Is Not Part of the Administrative Record  . . . . . . . . . . . . . . . . . . 9

       C.    Plaintiffs Have Not Demonstrated That a Privilege Log Is Required  . . . . . . . 12

             1.    District of Columbia Circuit Case Law Does not Support Plaintiffs'
                   Position that a Privilege Log Is Required  . . . . . . . . . . . . . . . . . . . . . . . 12

             2.    Case Law from Other Jurisdictions Regarding the Deliberative Process
                   Privilege is Irrelevant  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

             3.    The ENRD Memorandum Was Drafted for Internal Guidance and Is Not
                   Binding On Federal Agencies  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

       CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

FEDERAL CASES                                                                    PAGE

Ad Hoc Metals Coal. v. Whitman, 227 F. Supp. 2d 134 (D.D.C. 2002) . . . . . . . . . . . . . . . . 5, 6,8

Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7 (D.D.C. 2001) . . . . . . . . 9

Blue Ocean Institute v. Gutierrez, 503 F.Supp.2d 366 (D.D.C., 2007)  . . . . . . . . . . . . . 8,10,11

Camp v. Pitts, 411 U.S. 138 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Checkosky v. SEC, 23 F.3d 452 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402 (1971) . . . . . . . . . . . . . . . . . . . . 4, 13

Ctr. for Auto Safety v. FHWA, 956 F.2d 309 (D.C. Cir. 1992)  . . . . . . . . . . . . . . . . . . . . . . . 17

Florida Power & Light Co. v. EPA, 470 U.S. 729 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fund for Animals v Williams, 245 F. Supp. 2d 49 (D.D.C. 2003)  . . . . . . . . . . . . . . . . . . . . 8, 11

Fund for Animals v. Hogan, 428 F.3d 1059 (D.C. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

Fund for Animals v. Williams, 391 F. Supp. 2d 191 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . 4,11

In re Subpoena Duces Tecum, 156 F.3d 1279 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 4, 14

Int'l Longshoreman's Ass'n v. Nat'l Mediation Bd., No. 04-CV-842, 2006 WL 197461 (D.D.C. Jan. 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Kansas State Network v. FCC, 720 F.2d 185 (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 5,6

LO Shippers Action Committee v. Interstate Comm. Comm'n, 857 F.2d 802 (D.C. Cir. 1988)  11

Lyng v. Payne, 476 U.S. 926 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Motor & Equip. Mfrs. Ass'n v. EPA, 627 F.2d 1095 (D.C. Cir. 1979) . . . . . . . . . . . . . . . . . . . 4

FEDERAL CASES                                                                    PAGE

Nat'l Courier Assoc. v. Bd. of Governors of the Fed. Reserve Sys., 516 F.2d 1229 (D.C. Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 13

New Mexico v. EPA, 114 F.3d 290 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Norris & Hirschberg v. SEC, 163 F.2d 689 (D.C. Cir. 1947) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ohio Valley Envt'l Coal. v. Whitman, No. Civ.A. 3:02-0059, 2003 WL 43377 at *6 (W.D. Va. Jan. 6, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Pacific Shores Subdivision California Water District v. U.S. Army Corps of Engineers, 448 F. Supp. 2d 1 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

PLMRS Narrowband Corp. v. FCC, 182 F.3d 995 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . 5

San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287 (D.C. Cir. 1984); vacated in part on other grounds, 760 F.2d 1320 (1985) . . . . . . . . . . . . . . . . . . . . . . 4,5,6

Tafas v. Dudas, 530 F. Supp. 2d 786 (E.D. Va. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

United States v. Mariea, 795 F.2d 1094 (1st Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Morgan, 313 U.S. 409 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788 (D.C. Cir. 1984) . . . . . . . . . . . . . 12

Waterkeeper Alliance v. EPA, 399 F.3d 486 (2nd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

FEDERAL STATUTES                                                      PAGE

5 U.S.C. § 552(b) (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5 U.S.C. § 706(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FEDERAL REGULATIONS

36 C.F.R. §§ 7.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

36 C.F.R. §§ 7.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

36 C.F.R. §§ 7.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     **INTRODUCTION**

The Greater Yellowstone Coalition ("GYC") and National Parks Conservation Associations ("NPCA") (collectively "Plaintiffs") have moved to compel the production of a privilege log of documents containing internal deliberation regarding policy issues within the Executive Branch.  See Memorandum in Support of Plaintiffs' Motion to Compel Defendants to Produce a Privilege Log for Documents Withheld as "Deliberative" (Pls. Mem.")  (Docket Nos. 41-2 & 45-2).[1]  Plaintiffs seek an order requiring Federal Defendants to produce a privilege log of documents that are not part of the administrative record.  Federal Defendants have advised Plaintiffs that the documents for which they seek a privilege log are internal memoranda, drafts, e-mails, and meeting summaries relating to communications between officials at the National Park Service ("NPS"), Department of the Interior ("DOI"), Office of Management and Budget ("OMB"), the Council on Environmental Quality ("CEQ"), and other federal agencies or offices regarding the relevant agency actions at issue in this case.  These documents are immaterial to the Court's review of those actions.

In a case that is filed pursuant to the Administrative Procedure Act ("APA"), such as the instant case, review of the agency's decision is limited to the administrative record.  The agency's decisions are to be judged based on the information, analysis, and stated reasons found in the administrative record.  In compiling an administrative record, an agency has the discretion to omit from the record internal communications reflecting deliberations inside the executive branch and need not assert the deliberative process privilege to do so.  As the D.C. Circuit has

---

[1] NPCA and GYC filed their joint motion and supporting materials separately.  However, the motions are the same and Federal Defendants respond to both motions herein.

recognized in numerous cases, to require that such materials be included in an administrative record could chill the necessary flow of candid dialogue within the executive branch and could impose an unprecedented burden on federal agencies.  While the government may assert the deliberative process privilege for similar types of documents, and often does in non-APA cases in response to discovery requests or Freedom of Information Act requests, it is not required to do so in the APA context for deliberative material.  Plaintiffs' request that these non-record materials be included in a privilege log is unfounded.

## II.    BACKGROUND

This case involves NPS's winter use plan for visitation of Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway ("the Parks"). On December 13, 2007, NPS published in the Federal Register a Final Rule governing winter use in the Parks (hereinafter "2007 Final Rule").  The 2007 Final Rule, which became effective on December 19, 2007, implemented NPS's Record of Decision ("2007 ROD") for the "Winter Use Plans Final Environmental Impact Statement" ("2007 EIS"), and amended the Special Regulations governing the use and management of all three Parks with respect to winter use. See 36 C.F.R. §§ 7.13, 7.21, 7.22.  Plaintiffs allege that NPS's Winter Use Plan, embodied in the ROD and implemented through the Final Rule and Special Regulations, violates the APA, the National Environmental Policy Act ("NEPA"), the Yellowstone Organic Act, and certain other federal laws and regulations.  See GYC First Amended Complaint (Docket No. 13); NPCA First Amended Complaint (Case No. 07-2112, Docket No. 7).  The parties do not dispute that this Plaintiffs' claims all are brought pursuant to the APA and that the case will be reviewed on the administrative record.

2

The administrative record in this case was compiled by NPS and provided in hard copy to all parties on the case on April 4, 2008 (Docket No. 31) and electronically on CD-Rom on April 22, 2008.  (Docket No. 37).  In the certification for the administrative record, the Management Assistant for Yellowstone National Park certified that "the index to the administrative record filed with the Court in this matter constitutes a true, accurate, and complete index of the administrative record for the FEIS, ROD, and Final Rule, the agency actions challenged in this matter."  Certification ¶ 3 (Docket No. 31-2).  The certification also stated that,  "Some documents, which are deliberative materials and/or privileged documents reflecting agency deliberations, have not been included in this administrative record.").  Id.  The index listed certain documents which are part of the record, but for which Federal Defendants assert privilege.  See Index (Docket No. 31-3).  The documents sought by Plaintiffs here are not part of the administrative record and, accordingly, are not included in the index to the administrative record.  See id.

## III.   ARGUMENT

### A.   Federal Defendants Appropriately Excluded Deliberative Material from the Administrative Record

#### 1.   Deliberative Material May Be Excluded from An Agency Record

In cases such as this one, involving judicial review of informal rulemaking or other informal agency action,[2] it is well-established that documents containing internal agency

---

[2] Plaintiffs' claims are brought under the APA, pursuant to which Plaintiffs' claims are reviewed under the "arbitrary or capricious" standard.  5 U.S.C. § 706(2)(A); Florida Power & Light Co. v. EPA, 470 U.S. 729, 743-44 (1985).  In conducting this review, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts, 411 U.S. 138, 142-143 (1973); Florida Power,

(continued...)

deliberations need not be included in the administrative record.  <u>Norris & Hirschberg v. SEC</u>, 163 F.2d 689, 693 (D.C. Cir. 1947) ("Internal memoranda made during the decisional process . . . are never included in a record."); <u>Fund for Animals v. Williams</u>, 391 F. Supp. 2d 191, 197 (D.D.C. 2005) (an agency may exclude from an administrative record material that "reflects internal deliberations").  Judicial review of a decision by an administrative agency should be based on the reasons given by the agency and the information considered by the agency in the course of making the decision, not on the agency's internal decisionmaking process.  <u>See</u> <u>In re Subpoena Duces Tecum</u>, 156 F.3d 1279, 1279 (D.C. Cir. 1998) ("Agency deliberations not part of the record are deemed immaterial."); <u>San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n</u>, 751 F.2d 1287, 1324 (D.C. Cir. 1984), <u>vacated in part on other grounds</u>, 760 F.2d 1320 (1985) ("In discharging their obligation to monitor agency action, courts review a *record* compiled by the agency and containing its rationale and supporting findings, accompanied by *record* evidence; they do not ordinarily study predecisional transcripts of deliberations within an agency.") (emphasis in original); <u>Motor & Equip. Mfrs. Ass'n v. EPA</u>, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979).

Courts have long recognized the importance of precluding from judicial review information that reveals the internal deliberative process.  <u>See</u> <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 420 (1971) ("Of course, such inquiry into the mental processes of administrative decisionmakers is usually to be avoided."); <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941).  The D.C. Circuit has consistently upheld the exclusion from an administrative

---

<u>2/</u>(...continued)
470 U.S. at 743-44 (review should be "based on the record the agency presents to the reviewing court.") (citation omitted).

record of documents reflecting internal deliberations within an agency or between agencies.  See

PLMRS Narrowband Corp. v. FCC, 182 F.3d 995, 1001 (D.C. Cir. 1999) (videotape of agency

meeting not part of record); New Mexico v. EPA, 114 F.3d 290, 295 (D.C. Cir. 1997) (denying

motion to supplement the record with documents summarizing pre-decisional policy discussions

between EPA, the Department of Energy and OMB); San Luis Obispo, 751 F.2d at 1324-29

(denying motion to supplement the administrative record with predecisional transcripts and

related documents not part of record); Kansas State Network v. FCC, 720 F.2d 185, 191 (D.C.

Cir. 1983) (granting motion to strike transcript of agency deliberations from the record); Nat'l

Courier Assoc. v. Bd. of Governors of the Fed. Reserve Sys., 516 F.2d 1229, 1242-43 (D.C. Cir.

1975) (denying motion to supplement the record with deliberative intra-agency memoranda).

Deliberative materials are protected from disclosure to ensure candid discussion among

elected officials and to protect the integrity of the administrative process.  The requirement that

such materials be included in an administrative record "could hinder candid and creative

exchanges regarding proposed decisions and alternatives, which might, because of the chilling

effect on open discussions within agencies, lead to an overall decrease in the quality of

decisions."  Ad Hoc Metals Coal. v. Whitman, 227 F. Supp. 2d 134, 143 (D.D.C. 2002) (citing

San Luis Obispo, 751 F.2d at 1326).  As the D.C. Circuit has stated:

> Just as a Judge cannot be subjected to such [questioning about how she reached
> her decisions], so the integrity of the administrative process must be equally
> respected.  *In passing on final agency action, we therefore have refused to
> consider . . . documents recording the deliberative process leading to the
> agency's decision.*

Checkosky v. SEC, 23 F.3d 452, 489 (D.C. Cir. 1994) (emphasis added; internal quotations

omitted) (citing United States v. Morgan, 313 U.S. 409, 422 (1941) (similarly drawing a

comparison between judicial and administrative processes)); see also Ad Hoc Metals, 227 F.

Supp. 2d at 143 ("the policy of non-disclosure 'protect[s] the integrity of the decision-making

process'") (citation omitted).

Moreover, the rationale for excluding deliberative process materials from the record for

judicial review remains valid even where those materials are publicly known or available.  As

the court in San Luis Obispo explained:

> Inclusion in the record of documents recounting deliberations of agency members
> is especially worrisome because of its potential for dampening candid and
> collegial exchange between members of multi-head agencies.  While *public*
> disclosure stifles debate to some extent, *judicial* disclosure would suppress candor
> still further since off-hand remarks could turn out to have a *legal* significance
> they would not have if barred from the record on review.

751 F.2d at 1326 (emphasis in original).[3]  See also Kansas State, 720 F.2d at 191 ("Just as

*disclosure* of predecisional documents would 'injure the consultative process within the

government,' . . . so too would *judicial review* of the agency's deliberations. . . . In general, an

agency's action should be reviewed based upon what it accomplishes and the agency's stated

justifications.") (emphasis added) (citation omitted).  Accordingly, an agency may omit

documents containing deliberative material from an administrative record.

## 2.    Comments of OMB, CEQ and Other Agencies on the Winter Use Rule Were Properly Excluded from the Record as Deliberative Material

As Federal Defendants advised Plaintiffs before they filed their motion, the documents

---

[3] In San Luis Obispo, the petitioners were seeking disclosure, under the Government in the
Sunshine Act, 5 U.S.C. § 552(b) (1982), of predecisional transcripts and related documents of
the agency's deliberations; they also sought to include the documents in the administrative
record.  751 F.2d at 1324.  The court did not decide whether the documents should have been
disclosed under the Sunshine Act, see id. at 1324 n.227, though it apparently assumed that the
documents would be disclosed for the sake of its analysis.

that NPS excluded from the record on deliberative material grounds are communications

between officials at NPS, DOI, OMB, and other executive branch agencies or offices regarding

the Winter Use Plan for the Parks.  See April 16, 2007 Letter (Docket No. 41-6).  Among these

documents are internal e-mails, memoranda, briefing materials, draft documents, and comments

regarding NPS's Proposed Rule, draft and final EIS, ROD, and Final Rule regarding winter use

of the Parks.  See id.

      The comments of OMB and other executive branch agencies on drafts of the Proposed

Rule, ROD, and Final Rule, reflecting recommendations based on policy or legal matters, clearly

fall within the boundaries of deliberative material that may properly be excluded from an

administrative record.  Internal discussions within DOI and NPS relating to those comments also

qualify as deliberative material.  Requiring the disclosure of such materials could chill the candid

discussions of legal and policy matters that necessarily precede the issuance of a rule.  This is

particularly true for the issuance of a rule, such as the Winter Use Plan, which was issued in

response to litigation and was expected to be the subject of litigation.  Policy makers must be

afforded the opportunity to openly discuss the implications of their decisions, and the law of this

circuit is consistent with that view.

      Based on these principles, the D.C. Circuit has found that pre-decisional executive

branch communications, and specifically pre-decisional comments from OMB, may be excluded

from an administrative record.  For example, the petitioners in New Mexico v. EPA sought to

supplement the record with documents describing pre-decisional policy discussions between

EPA, the Department of Energy, and OMB.  114 F.3d at 295.  As in this case, EPA had excluded

such documents from the certified administrative record.  Id.  The court in New Mexico found no

reason to supplement the record as requested.  Id.[4]

Recent district court cases confirm the view that internal agency deliberations, in the form of e-mails, comments, meeting notes, and draft documents, may be excluded from an administrative record.  Following these principles, numerous decisions within the D.C. Circuit and other courts following D.C. Circuit precedent have rejected attempts by challengers in record review cases to require supplementation of the administrative record with documents reflecting internal agency deliberations.  See Tafas v. Dudas, 530 F. Supp. 2d 786, 796-97 (E.D. Va. 2008) (finding that intra-agency e-mail, correspondence, summaries, and draft reflecting initial formulations of a rule or internal struggles were properly excluded from the record as deliberative material); Blue Ocean Inst. v. Gutierrez, 503 F.Supp. 2d 366, 368 (D.D.C. 2007) (denying motion to supplement a record with informal intra-agency "reports, minutes, meeting notes, emails, and records of telephone conversations" reflecting internal deliberations among government staffers and scientists); Ohio Valley Envt'l Coal. v. Whitman, No. Civ.A. 3:02-0059, 2003 WL 43377 at *6 (W.D. Va. Jan. 6, 2003) (refusing to consider as part of the administrative record deliberative documents obtained by  plaintiffs and submitted to the court, including internal agency reports, memoranda, and e-mails); Ad Hoc Metals, 227 F. Supp. 2d at 142-43 (refusing to supplement the record with "internal EPA e-mails exchanged throughout the lead rulemaking process"); see also Fund for Animals v Williams, 245 F. Supp. 2d 49, 58 (D.D.C. 2003) (denying motion to complete the administrative record), vacated on other grounds sub

_____

[4] Courts have allowed supplementation of the record with portions of deliberative materials that contain new factual data or information.  See National Courier, 516 F.2d at 1242; see also Ad Hoc Metals, 227 F. Supp. 2d at 142 (refusing to include deliberative materials that added no new factual material to the debate).  However, Plaintiffs do not contend that materials containing new factual information are missing from the administrative record.

nom., <u>Fund for Animals v. Hogan</u>, 428 F.3d 1059 (D.C. Cir. 2005); <u>Amfac Resorts, L.L.C. v.</u>

<u>U.S. Dep't of the Interior</u>, 143 F. Supp. 2d 7, 13-14 (D.D.C. 2001) (denying request for extra-

record discovery of documents relating to a concessions contract).

Accordingly, the comments of OMB and other Executive Branch agencies on drafts of

the Proposed Rule, ROD, EIS, and Final rule, reflecting recommendations based on policy or

legal matters, clearly fall within the boundaries of deliberative material that may properly be

excluded from an administrative record.

### B.    Federal Defendants Are Not Required to Provide a Privilege Log of Deliberative Material That Is Not Part of the Administrative Record

The government is under no duty to provide a log or index of material that has been

excluded from an administrative record on the basis that it is deliberative.  As described above,

such materials are not part of an administrative record and are irrelevant to the Court's

consideration of agency decisions.  The government is not required to catalog all potential

deliberative material that could have been included in the administrative record and claim the

deliberative process privilege for each of those documents.

The cases that have squarely addressed the issue have determined that the government is

not required to produce a log of documents that have been excluded from an administrative

record as deliberative material.  In the <u>Tafas</u> case, the plaintiffs moved to compel the U.S. Patent

and Trade Office ("USPTO") to produce a privilege log of materials that had been excluded from

the record as deliberative material.  <u>See Tafas</u>, 530 F. Supp. 2d at 799-802.  As here, the issue

was whether a privilege log was required for deliberative material not part of the administrative

record.  The court denied the motion, reasoning that, "the USPTO's claim is that the omitted

documents, though they may very well be subject to the deliberative process privilege, were

9

withheld from the record on the ground that they are irrelevant to arbitrary and capricious review." Id. at 801. The court concluded that the documents for which a privilege log was sought, "internal emails, correspondence, summaries, and drafts," were not part of the record and a privilege log was not required. Id. The court also rejected the argument that a log was required to determine whether the record was complete because the plaintiffs were unable to show that "the record is incomplete [or] missing any necessary materials." Id. at 802.

Similarly, in Blue Ocean, the court upheld National Marine Fisheries Service's ("NMFS") exclusion from the record of "[n]otes of telephone conversations, informal notes of meetings and discussions, and other documents that reflect internal staff deliberations or policy recommendations." Blue Ocean, 503 F. Supp. 2d at 370. The court noted the presumption that an administrative record is complete unless it is shown to be incomplete, and that a requirement that deliberative materials be included in the record would stand that presumption on its head. Id. at 371. As the court explained, if deliberative materials were required to be included in the record, "there would be no presumption of a complete [administrative] record because the possibility that internal, deliberative documents exist would occur in every APA case since the employees of agencies must communicate with each other in the process of promulgating a final rule." Id.

The court further explained that:

[P]roduction of the materials Blue Ocean seeks would transform the process of judicial review of administrative actions greatly even if limited to specific instances of claimed deficiencies in the administrative record. The agency would have to collect all internal communications among agency officials pertaining to the claimed deficiency, catalogue them, and claim the deliberative process privilege where appropriate, which may be as to all of them. The privilege question would have to be resolved before judicial review of the administrative decision could even begin. Creating such a new burden on the agency, the parties

> and the court by forcing production of even a limited number of interagency deliberative documents requires a clear command from the court of appeals, *particularly in light of the unequivocal statement by the court [of appeals] that such materials are not a part of the administrative record* when an agency decision is challenged as arbitrary and capricious.

Blue Ocean, 503 F. Supp. 2d at 372 (emphasis added).  Thus, the court found no basis for the plaintiffs' request that deliberative materials not included in the record nonetheless be disclosed in a privilege log.  See id.; see also Ohio Valley, 2003 WL 43377, at *6 ("[T]he court concludes that it is not appropriate to include internal EPA documents as part of the administrative record . . . ."); Fund for Animals, 245 F. Supp. 2d at 56 ("[A]n agency generally may exclude material that reflects internal deliberations.") (citing Amfac, 143 F. Supp. 2d at 13)).

The approach taken by Federal Defendants in this case is consistent with the most relevant case law applicable to the compilation of an administrative record in APA cases. Communications between NPS and other agencies relating to the EIS, ROD, Proposed Rule, and Final Rule regarding winter use of the Parks are internal deliberations which are irrelevant to the Court's review in a record review case and are appropriately excluded from an administrative record.  To require Federal Defendants to produce a privilege log is contrary to the principle that a record is presumed to be complete unless Plaintiffs can demonstrate that it is incomplete.  See Fund for Animals, 391 F. Supp. at 196 (the administrative record presented by the agency is entitled to a presumption of regularity; courts presume that the agency properly designated the record absent clear evidence to the contrary); see also LO Shippers Action Committee v. Interstate Comm. Comm'n, 857 F.2d 802, 806 (D.C. Cir. 1988) (review is limited to the reasons given in the agency's published decision); Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984); Pacific Shores Subdivision California Water District v. U.S. Army

11

Corps of Engineers, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).  To require Federal Defendants to

compile a privilege log would impose a substantial additional burden on the government in

compiling the administrative record and would effectively forestall review of the case.  This

would be contrary to the well-established principle that a reviewing court should avoid imposing

procedures on an agency not required by the APA.  See generally Vermont Yankee Nuclear

Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 544 (1978) (discussing the "very

basic tenet of administrative law that agencies should be free to fashion their own rules of

procedure").

C.     **Plaintiffs Have Not Demonstrated That a Privilege Log Is Required**

In their Motion to Compel, Plaintiffs ignore the overwhelming weight of the case law

which permits the government to exclude deliberative material from an administrative record

without any requirement to produce a privilege log.  Plaintiffs nevertheless argue that a privilege

log is required: (1) based upon their own misinterpretation of D.C. Circuit case law, (2) case law

on the deliberative process privilege from outside of the D.C. Circuit, and (3) an internal

Department of Justice, Environment and Natural Resource Division guidance memorandum

regarding the preparation of an administrative record.  As explained below, none of these

arguments has merit.

1.     **District of Columbia Circuit Case Law Does not Support Plaintiffs'
Position that a Privilege Log Is Required**

First, without discussing the vast majority of the relevant cases, Plaintiffs argue that D.C.

Circuit case law supports their position that documents containing internal agency deliberations

must be included in an administrative record and listed on a privilege log.  Pls. Mem. at 4.  They

argue that the National Courier case compels the conclusion that a privilege log is required.  See

id. at 4-5.  Yet, no privilege log was ever produced or required in that case.  Rather, in that case, which was a direct appeal of agency action under 28 U.S.C. § 2112, the petitioner moved to supplement the public record with intra-agency memoranda that contained "internal recommendations, staff analysis and work product and legal opinions."  National Courier, 516 F.2d at 1241.  The government took the position that the materials were not part of the record.

The court recognized that, "[U]nless he has left no other record of the reasons for his decision, the mental processes of an administrator may not be probed."  Id. at 1242 (citing Morgan, 313 U.S. at 422; Citizens to Preserve Overton Park, 401 U.S. at 420).  The court then analogized the prerogative to exclude material from an administrative record to the deliberative process privilege in the FOIA context.  See id. at 1241-42.  However, the court clearly recognized that the deliberative process privilege and the composition of an administrative record are two different concepts: "Without deciding that *they are exactly contiguous*, we consider that the same exceptions exist to the *privilege for deliberative intra-agency memoranda* as against *inclusion in the public record on appeal*."  Id. at 1242 (emphasis added).  Because the petitioner had moved to compel the documents, the court then took the documents *in camera* to determine whether they contained new factual information, such that they should be included in the record.  Id.  Upon review of the documents, the court denied the motion to supplement the administrative record.  Thus, this case is entirely consistent with numerous other cases in the D.C. Circuit which allow the exclusion of deliberative documents from the administrative record without the assertion of a privilege or the production of a privilege log.

Plaintiffs also argue that the In re Subpoena Duces Tecum case stands for the proposition that "deliberative materials are part of the record."  Pls. Mem. at 5.  In fact, the case stands for

13

precisely the opposite proposition, although the case itself was not an APA case.  In that case,

the government sought a re-hearing of a deliberative process privilege ruling in a qui tam action

out of concern that the court's ruling could be misconstrued in the APA context as requiring

disclosure of deliberative materials.  156 F.3d at 1279.  In response to that motion, the D.C.

Circuit stated:

> When a party challenges agency action as arbitrary and capricious the
> reasonableness of the agency's action is judged in accordance with its stated
> reasons.  Agency deliberations not part of the record are deemed immaterial.  That
> is because the actual subjective motivation of agency decisionmakers is
> immaterial as a matter of law – unless there is a showing of bad faith or improper
> behavior.

Id. at 1279-80 (citations omitted).  Thus, the D.C. Circuit affirmed the proposition that agency

deliberations are "immaterial" in a record review case and may properly be excluded from an

administrative record.

Finally, Plaintiffs argue that a lone, unpublished District of Columbia District Court

decision that is contrary to well-established precedent in the D.C. Circuit compels the conclusion

that a privilege log is required.  See Pls. Mem. at 6 (citing Int'l Longshoreman's Ass'n v. Nat'l

Mediation Bd., No. 04-CV-842, 2006 WL 197461 (D.D.C. Jan. 25, 2006)).  There, the

government moved for summary judgement, and the plaintiff argued that the motion was

premature because the administrative record had not been fully compiled.  See Int'l

Longshoreman, 2006 WL 197461, at *2.  As to a narrow category of documents sought by

plaintiff, the court found that they might have been properly included in the administrative

record but also may have been protected by the "deliberative process privilege."  Id. at *4.

While acknowledging that it had found "no case detailing the method by which an agency can

establish that certain documents should not be contained in the administrative record because

they are deemed privileged" and without discussing any of the relevant D.C. Circuit case law, the court nevertheless instituted its own requirement that a <u>Vaughn</u> index be provided.  <u>Id.</u>  This conclusion is contrary to the clear mandate of the D.C. Circuit and should not be followed by this Court.

### 2. Case Law from Other Jurisdictions Regarding the Deliberative Process Privilege is Irrelevant

Plaintiffs argue that, because the government has asserted the deliberative process privilege in APA cases in other jurisdictions, it must do so here and provide an affidavit or privilege log describing the documents it claims are privileged.  <u>See</u> Pls. Mem. at 6-7.  Plaintiffs' argument misses the point.  The issue here is not whether Federal Defendants *could* assert the deliberative process privilege for these documents; rather, the issue is whether we *must* assert the privilege in order to omit them from the administrative record.[5/]  On that issue, the law is clear in this circuit – Federal Defendants need not assert the privilege.  Federal Defendants acknowledge that the case law on "deliberative material" excluded from an administrative record is not as well developed in jurisdictions outside of the D.C. Circuit.  Nevertheless, the approach of excluding deliberative material from an administrative record is not inconsistent with the law of other jurisdictions, and Federal Defendants have taken the same approach in the parallel challenges to the Winter Use Plan proceeding in District Court in Wyoming.

---

[5/] Notwithstanding the Government's position here that no assertion of deliberative process privilege is required for these documents, some or all of the documents may be eligible for such assertion of privilege.  Accordingly, Federal Defendants reserve their right to assert privilege for some or all of the documents in the event the Court determines that such an assertion of privilege is necessary.

### 3.    The ENRD Memorandum Was Drafted for Internal Guidance and Is Not Binding On Federal Agencies

Finally, Plaintiffs misconstrue a memorandum prepared by one component of the Department of Justice that provides general guidance to government litigators and client agencies on how to compile administrative records in actions challenging informal agency action under the APA.  See Pls. Mem. at 7-8; ENRD Memo. (Docket No. 41-9).  Plaintiffs misrepresent the significance of that memorandum, which does not represent a formal policy of the Department of Justice, nor even an official directive of the Environment and Natural Resources Division ("ENRD").  The memorandum expressly states that it was drafted for internal guidance purposes only and "does not create any rights, substantive or procedural, which are enforceable at law by any party."  ENRD Memo. at 6; see also Lyng v. Payne, 476 U.S. 926, 937 (1986) ("not all agency publications are of binding force"); United States v. Mariea, 795 F.2d 1094, 1102 n.22 (1st Cir. 1986) (memorandum of understanding between Departments of Justice and Defense established "internal guidelines . . . promulgated for purposes of administrative convenience" and did not give defendants any enforceable right).  Accordingly, the memorandum is not binding on ENRD, let alone the named Federal Defendants in this case.

Moreover, the memorandum is dated January 1999 and is no longer distributed by ENRD to its client agencies for the very reason that litigants have sought to use the document to argue that an administrative record must be composed of certain documents or prepared through a particular process.  Indeed, ENRD has taken the position in litigation in defending other client agencies that deliberative documents may properly be excluded from an administrative record compiled for purposes of record review.  See Waterkeeper Alliance v. EPA, 399 F.3d 486, 524 n.34 (2nd Cir. 2005) (denying a motion, opposed by ENRD, to supplement the record to include

certain deliberative documents concerning OMB comments).

Each agency must compile the administrative record with an eye to the governing statutory and regulatory standards, the type of administrative proceeding, and other factors. See, e.g., Vermont Yankee, 435 U.S. at 544 (referring to the "very basic tenet of administrative law that agencies should be free to fashion their own rules of procedure" and noting that "the agency should normally be allowed to exercise its administrative discretion in deciding how, in light of internal organization considerations, it may best proceed to develop the needed evidence") (internal quotations omitted); Ctr. for Auto Safety v. FHWA, 956 F.2d 309, 314 (D.C. Cir. 1992) (an agency may follow its own procedures and rules for the compilation of an administrative record, "consistent with the forgiving requirements of notice-and-comment rulemaking procedures"). Here, NPS compiled the administrative record in accordance with the principles established in this circuit, and it should not be required to produce a privilege log of deliberative materials not contained in the administrative record.

## CONCLUSION

For all these reasons, Plaintiffs' Motion to Compel a Privilege Log should be denied.

RONALD J. TENPAS
Assistant Attorney General

 /s/ *Luther L. Hajek*
GUILLERMO A. MONTERO
BARRY A. WEINER
LUTHER L. HAJEK
United States Department of Justice
Environment and Natural Resources Division
Post Office Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0469 / Fax: (202) 305-0274
Email: Barry.Weiner@usdoj.gov
          Luke.Hajek@usdoj.gov

Guillermo.Montero@usdoj.gov

Attorneys for the Defendants

OF COUNSEL:

JASON WAANDERS
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife
1849 C St., N.W., MS-3230
Washington, D.C.  20240
Tel: (202) 208-7957

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
GREATER YELLOWSTONE COALITION,            )
et al.,                                    )
                                           )
            Plaintiffs,                    )
                                           )        Case No. 07-cv-2111 (EGS)
       v.                                  )
                                           )        [Hearing on Motions for Summary
DIRK KEMPTHORNE, et al.,                   )        Judgment on August 27, 2008]
                                           )
            Defendants.                    )
_____ )


_____ )
NATIONAL PARKS CONSERVATION               )
ASSOCIATION,                               )
                                           )
            Plaintiff,                     )
                                           )        Case No. 07-cv-2112 (EGS)
       v.                                  )
                                           )        [Hearing on Motions for Summary
UNITED STATES DEPARTMENT OF THE           )        Judgment on August 27, 2008]
INTERIOR; NATIONAL PARK SERVICE           )
                                           )
            Defendants.                    )
_____ )


**<u>PROPOSED ORDER</u>**

Upon consideration of Plaintiffs' Motion to Compel Defendants to Produce a Privilege

Log for Documents Withheld as "Deliberative" and responses thereto, on this _____ day of

_____, 2008, it is hereby

ORDERED that Plaintiffs' Motion is DENIED, and it is further ORDERED that Federal

Defendants are not required to provide Petitioner with a privilege log of documents containing

deliberative material that were omitted from the administrative record in the above-captioned cases.

It is SO ORDERED.

Date: _____                    _____
                                         United States District Judge
                                         U.S. District Court, District of Columbia