IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREATER YELLOWSTONE COALITION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07-cv-2111 (EGS) |
| v. | ) ) | |
| DIRK KEMPTHORNE, et al., | ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-cv-2112 (EGS) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE | ) ) ) | |
| Defendants. | ) ) ) | |

**FEDERAL DEFENDANTS' OPPOSITION TO
NATIONAL PARKS CONSERVATION ASSOCIATION'S MOTION FOR THIS COURT
TO ASSERT CONTINUING JURISDICTION OVER AGENCY ACTIONS ON REMAND**

The United States Department of the Interior and the National Park Service (collectively "Federal Defendants") respectfully submit the following memorandum in opposition to the National Parks Conservation Association's ("NPCA") *Motion For This Court To Assert Continuing Jurisdiction Over Agency Actions On Remand* (Dkt. #90).

## BACKGROUND

As this Court is aware, the above-captioned cases involved a challenge to the National Park Service's ("Service") 2007 Rule governing winter visitation and recreational use of Yellowstone National Park ("Yellowstone"). The 2007 Rule authorized up to 540 snowmobiles and 78 snowcoaches to enter Yellowstone each day, see 72 Fed. Reg. 70781, 70783-85 (Dec. 13 2007). Plaintiffs NPCA and Greater Yellowstone Coalition et al. argued that the Rule violated the National Park Service Organic Act ("Organic Act"), the National Environmental Policy Act, and various other statutes and regulations. Agreeing with the Plaintiffs, this Court issued an Opinion and Order on September 15, 2008 vacating and remanding the Rule to the Service for further administrative proceedings. See Greater Yellowstone Coal. v. Kempthorne, 577 F. Supp.2d 183, 210 (D.D.C. 2008); Dkt. ## 74, 75.

Following this Court's vacatur of the 2007 Rule, the Service began a new rulemaking process whereby it proposed, inter alia, to authorize up to 318 snowmobile entries into Yellowstone each day. The Service issued a final version of this Rule on November 20, 2009 (hereinafter "2009 Rule"). 74 Fed. Reg. 60,159 (Nov. 20, 2009). That Rule remains in effect, although it has been challenged by various parties in the District Court for the District of Wyoming ("Wyoming Court"). The plaintiff groups in the above-captioned cases, by contrast, have not challenged the 2009 Rule in any venue. Indeed, NPCA has intervened in the Wyoming litigation in defense of the 2009 Rule.

NPCA filed a motion in the Wyoming Court action on January 7, 2010 to transfer the proceedings in that case to this Court. That motion remains pending. NPCA has also filed the instant motion, presumably in the hopes that an order by this Court "asserting jurisdiction" over the 2009 Rule will divest the Wyoming Court of jurisdiction over the cases currently before it.

-1-

## ARGUMENT

1.      NPCA notes that the Court in this case issued an order on September 15, 2008, which vacated and remanded the then-existing rule governing winter use in Yellowstone to the Service for further administrative proceedings. NPCA then concedes that the Service completed a rulemaking on November 20, 2009, and that this rulemaking complied with the September 15, 2008 Order. In light of another party's challenge to the new rule in the District Court for the District of Wyoming, however, NPCA argues that this Court must "retain jurisdiction" over its 2008 Order so that it may "oversee compliance during the current rulemaking proceedings" and so that it may prevent the Wyoming Court from entertaining a collateral attack on this Court's 2008 Order. NPCA Br. at 6.

2.      As an initial matter, the Motion is procedurally flawed and should be dismissed because NPCA has identified no authority whatsoever for the Court to reopen and modify its final order now, seventeen months after it was entered. On September 15, 2008, this Court entered an Order providing "that the Winter Use Plan Final Rule, the 2007 ROD, and 2007 FEIS are vacated and remanded to the agency for proceedings consistent with the Memorandum Opinion," thus disposing of the litigation in this Court. Instead of seeking reconsideration of that Order at the time it was entered, or anytime since, NPCA now – seventeen months later – files its motion "ask[ing] that the Court amend its order to retain jurisdiction over the Government's compliance with that Order on remand to the NPS." NPCA Br. at 2. Motions that seek to modify an order or judgment must be made under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. See Charles Alan Wright & Mary Kay Kane, 20 Fed. Prac. & Proc. Deskbook § 104 (2009). Inasmuch as NPCA has not even cited, much less carried its burden to apply either Rule here, its motion must be denied.

3.      Assuming arguendo that the Motion were not procedurally flawed, it must nonetheless be denied because it is utterly devoid of merit. NPCA fails to substantiate its assertion that an order "retaining jurisdiction" by this Court is necessary to protect the integrity of its 2008 Order or to ensure that the Service complies with that Order.

4.      Most fundamentally, the continuing oversight of a Court is not necessary to ensure that administrative agencies comply with the law. To the contrary, it is settled law that a court must

presume public officers will properly discharge their official duties unless the contrary view is supported by clear evidence.  See United States Postal Serv. v. Gregory, 534 U.S. 1, 10 (2001); United States v. Chemical Found., Inc., 272 U.S. 1, 14-15 (1926)).  Absent extreme circumstances, continuing oversight following a remand for further administrative proceedings is neither necessary nor appropriate.  See County of Los Angeles v. Shalala, 192 F. 3d 1005, 1011 (D.C. Cir. 1999) ("Not only was it unnecessary for the court to retain jurisdiction to devise a specific remedy for the Secretary to follow, but it was error to do so"); Haw. Longline Ass'n v. NMFS, 281 F. Supp. 2d 1, 38 (D.D.C. 2003) ("[I]t is up to the agency to determine how to proceed next – not for the court to decide or monitor."); see also Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 66-67 (2004) (recognizing that courts should not assume a supervisory role in agency action).

5.      Even if some level of oversight were permissible, it would not be appropriate here because the proceedings the Court ordered the Service to undertake on remand have already been completed.  It is undisputed that the Service issued a Final Rule on November 20, 2009.  74 Fed. Reg. 60,159 (Nov. 20, 2009).  While the 2009 Rule is currently the subject of a lawsuit in the Wyoming Court, the environmental plaintiffs in the above-captioned cases have not challenged that Rule.  Indeed, NPCA has intervened in the Wyoming litigation to defend the 2009 Rule.  NPCA, therefore, cannot credibly argue that the Service ignored or otherwise failed to comply with this Court's 2008 Order.

6.      In this context, NPCA notes that the Service is already undertaking a second rulemaking effort to replace the 2009 Rule – which will eventually expire by its own terms – and suggests that the Court may "oversee" that second rulemaking process by "retaining jurisdiction" over its 2008 Order.  This argument, if accepted, would have no logical endpoint.  In effect, NPCA's argument would allow this Court to "assert jurisdiction" over any future rulemaking initiative by the Service that involves snowmobile use in Yellowstone.  Here again, the Service complied with this Court's 2008 Order when it issued the 2009 Rule, and there is nothing further for this Court to enforce.  Of course, this is not to say that the Service may ignore the legal conclusions presented in this Court's 2008 Order and Opinion while conducting future rulemaking actions.  The Service will

continue to comply with the mandates of the Organic Act as interpreted by this Court.[1/]  See NPCA Br. at 4.

7.     NPCA next argues that an order retaining jurisdiction is necessary to ensure that litigation involving snowmobile use in Yellowstone does not "ping-pong" between the Wyoming Court and this Court.  NPCA Br. at 5-6.  This argument is specious.  The only extant case challenging the Service's management of snowmobile use in Yellowstone is in the District of Wyoming, and NPCA is already a party to that case.  Moreover, as noted earlier, neither of the environmental plaintiffs in the above-captioned cases seek to challenge the 2009 Rule.  It follows that NPCA's request for this Court to assert jurisdiction would create "ping-pong" litigation, rather than reducing it.  As the Service represented in responding to NPCA's motion to transfer venue in the Wyoming Court, the Service has "endeavored since 2003 to have legal challenges to the National Park Service's rules governing oversnow vehicle use in Yellowstone . . . consolidated in a single district and continue to believe the interests of justice and judicial economy merit resolving such claims in a single district.  However, Respondents [the Service] express no preference for one district court over another."  See NPCA Ex. 8 at 3.  The Service continues to believe that it will serve judicial economy and the interest of justice to have the 2009 Rule litigated in a single district and for this reason the Service opposes NPCA's attempt to involve this Court in the Wyoming Court litigation.

8.     Finally, NPCA notes that the Service took no position on its motion to transfer the Wyoming litigation to this Court, and it concludes on that basis that the Service may be "reluctant" to defend the 2009 Rule vigorously.  This is nonsense.  The Service has issued a rule that comports

---

[1/]     NPCA objects to the Service's characterization of the Government's legal obligations in our response to NPCA's transfer motion before the Wyoming Court, arguing that "this Court directed the NPS to take further actions consistent with the opinion of this Court, not merely the interpretations of the federal courts generally."  See NPCA Br. at 4 (emphasis in original).  To the extent NPCA is suggesting that NPS should obey only this Court's orders, NPCA's position is unsupported and unsupportable.

with its view of the law, and it will defend that rule in litigation regardless of the venue. NPCA's speculation to the contrary provides no support for the instant motion.

## CONCLUSION

NPCA's Motion is procedurally flawed and should be denied on that basis alone. Even if the Court considers the merits of the Motion, however, it still must be denied. NPCA asks this Court to take the extraordinary measure of asserting jurisdiction, *post-hoc*, to oversee the Service's rulemaking actions concerning snowmobile use in Yellowstone, even though NPCA alleges no illegality concerning the rule the Service has already issued. NPCA also seeks to manipulate this Court into asserting jurisdiction it does not have, in order to create a conflict with the Wyoming Court's jurisdiction over a case currently before it, but NPCA does not, and cannot, provide any reason to believe that the Wyoming Court is incapable of serving the interest of justice. NPCA's motion asking this Court to "assert jurisdiction" is therefore improper. NPCA has filed a motion to transfer in the Wyoming Court and that Court, should it find NPCA's arguments to be persuasive, can fully address NPCA's concerns by granting the transfer motion. The extraordinary measures that NPCA seeks by way of the instant motion are therefore unnecessary.

For these, and for all of the foregoing reasons, Federal Defendants respectfully request that this Court deny NPCA's *Motion For This Court To Assert Continuing Jurisdiction Over Agency Actions On Remand*.

Respectfully submitted this 23rd day of February, 2010.

        IGNACIA S. MORENO
        Assistant Attorney General

        */s/ Guillermo A. Montero*
        GUILLERMO A. MONTERO
        BARRY A. WEINER
        LUTHER L. HAJEK
        United States Department of Justice
        Environment and Natural Resources Division
        Post Office Box 663

-6-

|  |  |
|---|---|
| | Washington, D.C. 20044-0663 |
| | Telephone: (202) 305-0469 |
| | Fax: (202) 305-0274 |
| OF COUNSEL: | Guillermo.Montero@usdoj.gov |
| JASON WAANDERS | |
| U.S. Department of the Interior | Attorneys for the Defendants |
| Office of the Solicitor | |
| Division of Parks and Wildlife | |
| 1849 C St., N.W., MS-3230 | |
| Washington, D.C.  20240 | |
| Tel: (202) 208-7957 | |