William P. Horn (DC Bar No. 375666)
David E. Lampp (DC Bar No. 480215)
Birch, Horton, Bittner and Cherot, PC
1155 Connecticut Ave. NW, Suite 1200
Washington, DC  20036
Telephone:  (202) 659-5800
Facsimile:  (202) 659-1027

*Attorneys for Defendant Intervenors*
*International Snowmobile Manufacturer's Association,*
*American Council of Snowmobile Associations,*
*BlueRibbon Coalition, Inc., and Teri Manning*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, et al. | |
| Plaintiffs, | |
| v. | Case No. 1:07-cv-02111 (EGS) |
| KEMPTHORNE, et al. | Hearing on Motions for Summary Judgment to be Held on |
| Defendants, | August 27, 2008 |
| and | |
| THE INTERNATIONAL SNOWMOBILE MANUFACTURER'S ASSOCIATION, et al. | |
| Defendant-Intervenors. | |

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, | |
| Plaintiff, | |
| v. | Case No. 1:07-cv-02112 (EGS) |

| | |
|---|---|
| UNITED STATES DEPARTMENT OF INTERIOR, et al.   ) ) ) Defendants,                          ) ) and                                       ) ) THE INTERNATIONAL SNOWMOBILE MANUFACTURER'S ASSOCIATION, et al.                                  ) ) ) ) Defendant-Intervenors.              ) ) | Hearing on Motions for Summary Judgment to be Held on August 27, 2008 |

**INTERVENOR-DEFENDANTS' OPPOSITION
TO NPCA'S MOTION TO ASSERT CONTINUING
JURISDICTION OVER AGENCY ACTIONS ON REMAND**

Intervenor-Defendants the International Snowmobile Manufacturer's Association, American Council of Snowmobile Associations, BlueRibbon Coalition, and Teri Manning (collectively, "Intervenor-Defendants") hereby submit their Opposition to Plaintiff the National Parks Conservation Association's ("NPCA") Motion for this Court to Assert Continuing Jurisdiction Over Agency Actions on Remand (ECF Doc. No. 90) ("Motion for Continuing Jurisdiction").

Intervenor-Defendants agree with the points made in Federal Defendants' Opposition to National Parks Conservation Association's Motion for this Court to Assert Continuing Jurisdiction Over Agency Actions on Remand (ECF Doc. No. 91). For the reasons stated therein, NPCA's motion, which should be brought under Federal Rule of Civil Procedure 59(e) or 60(b), is untimely and comes far too late as it now asks the Court to modify its September 15, 2008 Order and Memorandum Opinion (ECF Doc. Nos. 74, 75) over seventeen months after issuance, well outside the 28-day time limit imposed by Rule 59(e) and the "reasonable time" required by Rule 60(b). NPCA does not offer any explanation for its nearly year-and-a-half delay that justifies disregard of the time limits imposed by these Rules.

2

In addition to being untimely, NPCA also fails to demonstrate that this Court's retention of jurisdiction is necessary, or even advisable. Again, ISMA concurs with the positions set forth by Federal Defendants in their Opposition (ECF Doc. No. 91). The law presumes that federal agencies will properly comply with a remand order, and that federal court oversight of agency processes on remand is not necessary. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 66-67 (2004); *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999); *Hawaii Longline Ass'n v. Nat'l Marine Fisheries Serv.*, 281 F. Supp. 2d 1, 38 (D.D.C. 2003). NPCA claims that this Court's assertion of continuing jurisdiction is the "only way to ensure compliance with the Order" this Court issued on September 15, 2008. NPCA's Motion for Continuing Jurisdiction p. 5  However, NPCA has not challenged the NPS's compliance with that Order in the preparation of the November 20, 2009 Rule, 74 Fed. Reg. 60,159 *et seq.* (Nov. 20, 2009), and in fact sought and obtained intervention to defend the 2009 Rule in litigation in the U.S. District Court for the District of Wyoming challenging that Rule. There is no reason to believe that the Wyoming Court is unable to apply the law or give due weight to this Court's September 2008 Order, nor is there any reason to believe the agency cannot comply with the Court's Order in its rulemaking process.

Finally, NPCA's contention that this Court must now, almost a year and a half after issuing its September 2008 Order, exercise continuing jurisdiction because ISMA seeks intervention to participate as a petitioner in the Wyoming litigation challenging the 2009 Rule, has no basis. ISMA seeks to challenge a completely new rule from the one addressed by the Court's September 2008 Order, produced through a new administrative rulemaking process and with a new administrative record.[1] As noted above, the rulemaking agency and the Wyoming

---

[1] ISMA was prevented from challenging the 2007 Rule in this Court by this Court's denial of intervention for purposes of challenging the numerical daily snowmobile limits or commercial

3

Court are obligated to give this Court's September 2008 Order its due weight, and ISMA seeks only to continue its decade long participation in Yellowstone winter use litigation. Accordingly, ISMA's request to participate as a petitioner in the Wyoming litigation does not justify the Court's departure from the established rule that courts generally should not retain jurisdiction to oversee agency rulemaking processes.

DATED:   March 1, 2010

                                  Respectfully submitted,

                                   /s/ William P. Horn
                                  William P. Horn
                                  District of Columbia Bar No. 375666
                                  David E. Lampp
                                  District of Columbia Bar No. 480215
                                  Birch, Horton, Bittner and Cherot, P.C.
                                  1155 Connecticut Avenue, N.W.
                                  Washington, DC  20036
                                  Telephone: (202) 659-5800
                                  Facsimile: (202) 659-1027

                                  *Attorneys for Defendant Intervenors*
                                  *International Snowmobile Manufacturers*
                                  *Association, American Council of*
                                  *Snowmobile Associations, BlueRibbon*
                                  *Coalition, and Terri Manning*

---

guiding requirements in the 2007 Rule. *See* Order of April 24, 2008, *Greater Yellowstone Coalition v. Kempthorne*, Nos. 1:07-cv-02111, 02112 (EGS) (ECF Doc. No. 38) (Apr. 24, 2008).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of March, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means.


Robert David Rosenbaum  (robert_rosenbaum@aporter.com)
Counsel for National Parks Conservation Association

David S. Baron  (dbaron@earthjustice.org)
Douglas L. Honnold  (dhonnold@earthjustice.org)
Sean M. Helle  (shelle@earthjustice.org)
Counsel for Greater Yellowstone Coalition

Barry A. Weiner  (barry.weiner@usdoj.gov)
Guillermo A. Montero  (guillermo.montero@usdoj.gov)
Luther L. Hajek  (luke.hajek@usdoj.gov)
Counsel for Federal Defendants



                                                             /s/ David E. Lampp_____
                                             David E. Lampp

G:/101238/12/00018343.DOC