**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GREATER YELLOWSTONE COALITION, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) Civ. No. 07-2111 (EGS) |
| v. | ) ) |
| KENNETH SALAZAR, *et al.*, | ) ) |
| Defendants. | ) ) |
| NATIONAL PARKS CONSERVATION ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) Civ. No. 07-2112 (EGS) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**GREATER YELLOWSTONE COALITION PLAINTIFFS'**
**APPLICATION FOR FEES AND EXPENSES**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Greater Yellowstone Coalition, Natural Resources Defense Council, The Wilderness Society, and Winter Wildlands Alliance ("Greater Yellowstone Coalition plaintiffs") hereby apply for an award of attorneys' fees and expenses in the amount of $254,800.69.

1. The Greater Yellowstone Coalition plaintiffs are prevailing parties in this litigation. See 28 U.S.C. § 2412(d)(1)(A), (B). This Court granted plaintiffs summary judgment

on September 15, 2008, vacating and remanding the challenged National Park Service regulation, record of decision, and environmental impact statement in the process.  See Greater Yellowstone Coalition v. Kempthorne, 577 F. Supp. 2d 183, 210 (D.D.C. 2008).  The United States Court of Appeals for the District of Columbia Circuit granted federal defendants' motion for voluntary dismissal of their appeals on July 6, 2009 (Dkt. 84); after dismissing defendant-intervenors' appeals, the appellate court issued its mandate on March 12, 2010 (Dkt. 96).

     2.     Federal defendants' position in this litigation was not substantially justified and no special circumstances make an award unjust.  See 28 U.S.C. § 2412(d)(1)(A), (B); Greater Yellowstone Coalition, 577 F. Supp. 2d at 183-210.

     3.     As Section 501(c)(3) tax-exempt organizations with no more than 500 employees, Greater Yellowstone Coalition, Natural Resources Defense Council, The Wilderness Society, and Winter Wildlands Alliance are eligible to receive an award of fees and expenses under EAJA.  See 28 U.S.C. § 2412(d)(1)(A), (B); id. § 2412(d)(2)(B); Clusen Decl. ¶¶ 2-3 (Natural Resources Defense Council); Drake Decl. ¶¶ 2-3 (Greater Yellowstone Coalition); Jones Decl. ¶¶ 2-3 (The Wilderness Society); Menlove Decl. ¶¶ 2-3 (Winter Wildlands Alliance).[1]

     4.     The Greater Yellowstone Coalition plaintiffs seek a reasonable award of fees and expenses in the amount of $254,800.69—$251,332.86 for the services of Douglas Honnold, Timothy Preso and Sean Helle, and $3,467.83 as compensation for the out-of-pocket expenses associated with this case.  An itemized statement explaining this request accompanies this

---

[1] As a Section 501(c)(4) organization, Sierra Club—the fifth plaintiff in Greater Yellowstone Coalition v. Salazar (Civ. No. 07-2111)—is not eligible for an award of fees or expenses under EAJA.  As each of the other plaintiff organizations is a "real party in interest" with respect to fees and expenses, however, Sierra Club's participation does not affect their right to recovery.  See Unification Church v. INS, 762 F.2d 1077, 1082-83 (D.C. Cir. 1985); Helle Declaration ¶¶ 2-4; see also Wash. Dep't of Wildlife v. Stubblefield, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989) (where "the actions of the eligible parties and their counsel were reasonable and necessary to the successful prosecution of the case," they are entitled to recovery under EAJA).

application.  See 28 U.S.C. § 2412(d)(1)(B).  The wages used in calculating the Greater Yellowstone Coalition plaintiffs' application reflect EAJA's statutory rate as adjusted to account for increases in the cost of living—$170 per hour for work performed in 2007; $176 per hour for work performed in 2008; $175 per hour for work performed in 2009; and $176 per hour for work performed in 2010.  See id. § 2412(d)(2)(A).

5.  EAJA also authorizes an award of attorneys' fees for time spent preparing and prosecuting a fee application.  See Commissioner, INS v. Jean, 496 U.S. 154, 162-66 (1990).  If briefing is required to resolve their claim for fees, the Greater Yellowstone Coalition plaintiffs will submit supplemental billing records to document the additional time spent on this application.

Respectfully submitted this 9th day of April, 2010.

/s/  Sean M. Helle
Douglas L. Honnold (D.C. Bar # 468323)
dhonnold@earthjustice.org
Sean M. Helle (D.C. Bar # 490085)
shelle@earthjustice.org
Earthjustice
209 South Willson Avenue
Bozeman, MT 59715
(406) 586-9699 | Telephone
(406) 586-9695 | Fax

David S. Baron (D.C. Bar # 464222)
dbarron@earthjustice.org
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, D.C. 20036
(202) 667-4500 | Telephone

*Attorneys for Plaintiffs*
*Greater Yellowstone Coalition, et al.*